**Brady DOUGLAS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 31420.**

Missouri Court of Appeals, Western District.

Nov. 3, 1980.

James L. McMullin, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

CLARK, Presiding Judge.

Brady Douglas appeals after his Rule 27.-26 motion was denied without an evidentiary hearing. He contends on this appeal that his motion allegation of ineffective assistance of counsel entitled him to a hearing and that the court erred in denying it.

Douglas entered a plea of guilty November 30, 1973, to the sale of a Schedule I controlled substance, Lysergic Acid Diethylamide, commonly known as LSD. Upon meticulous inquiry, the court obtained an account of the offense from Douglas and his acknowledgement that the range of punishment for the crime was understood to be from five years to life. Douglas also disclaimed any force or coercion operating to induce his plea and he expressed his understanding that the court could impose any sentence within the range of punishment which the statute provided. No plea bargain was mentioned and none is now asserted to have been involved. The only recommendation made by the prosecutor was for a pre–sentence investigation. The plea was accepted and a pre–sentence report was ordered.

On February 22, 1974, presumably after the pre–sentence report had been received and considered, the court imposed sentence of ten years, but suspended execution and placed Douglas on probation for five years. Subsequently, on July 31, 1975, after hearing, the court revoked Douglas's probation and ordered the previously imposed sentence executed. The first amended motion under Rule 27.26, the subject of this appeal, was filed June 4, 1979, by appointed counsel.

Douglas's motion alleges, in substance, that his trial attorney told him that upon entering a guilty plea, he would receive a sentence of three years probation. While not complaining that any advance plea agreement fixing the term of sentence was made or breached, Douglas does contend that the information given him as to the anticipated sentence amounted to ineffective representation by his attorney.

Beyond question, the record of the guilty plea hearing demonstrates a clear expression of Douglas's understanding, contrary to his present contention, that the court could assess a term of confinement from five years to life and that no agreement or constraint bound the court in advance to any term or condition of punishment. Even were Douglas's assertion as to what he was told by his attorney to be accepted at face value, any misapprehension thereby generated was amply dispelled during the hearing. The contention that Douglas expected to receive no sentence at all, only probation, is refuted by the record.

The trial court may examine its records to determine if an evidentiary hearing is necessary. Rule 27.26(e). Where the files and records of the case conclusively show that the movant is entitled to no relief, no evidentiary hearing need be held.

*Smith v. State*, 513 S.W.2d 407, 411–412 (Mo. banc 1974), cert. denied, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975).

An extended opinion in this case would have no precedential value. In accordance with Rule 84.16(b), the judgment of the trial court is affirmed.

All concur.