**Douglas Earl OERLY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 34145.**

Missouri Court of Appeals,
Western District.

Aug. 9, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Overruled and Denied Sept. 28, 1983.

J. Armin Rust, Lexington, for appellant.

John Ashcroft, Atty. Gen., and Mary Stewart Tansey, Jefferson City, for respondent.

Before WASSERSTROM, P.J., and KENNEDY and NUGENT, JJ.

KENNEDY, Judge.

The trial court dismissed appellant's 27.26 motion without an evidentiary hearing. Appellant claims on this appeal that he should have been given an evidentiary hearing upon the motion.

Supreme Court Rule 27.26 would require an evidentiary hearing if the motion states a claim for relief, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Supreme Court Rule 27.26(e).

Defendant was convicted in the Circuit Court of Cooper County, Missouri, of the offense of first-degree murder, § 565.003, RSMo 1978, upon his plea of guilty. He

was sentenced to life imprisonment. § 565.008.2, RSMo 1978.

## I

■ The prisoner claims that he was induced to plead guilty by the promise of a sentence of two to five years, on a plea bargain worked out by his court-appointed attorney and the prosecuting attorney. He alleges in his 27.26 motion that his guilty plea was therefore not "voluntary, knowing and intelligent."

The transcript of the guilty-plea hearing conclusively shows that the prisoner fully understood that he would receive a life sentence upon a plea of guilty to first-degree murder. The court so informed him before he accepted the guilty plea, and the prisoner insisted that he understood that and still desired to plead guilty. Since the record of the guilty-plea proceeding shows that defendant's allegation is unfounded, the court properly denied an evidentiary hearing upon that particular ground. *Orr v. State,* 607 S.W.2d 187, 188 (Mo.App.1980); *Douglas v. State,* 607 S.W.2d 839, 840 (Mo. App.1980).

## II

■ Defendant complains of the ineffectiveness of counsel. Any complaints about the antecedent ineffectiveness of counsel is immaterial, except to the extent that the alleged ineffectiveness of counsel bore upon the voluntariness, the knowledge and the intelligence with which the guilty plea was made. *Wells v. State,* 621 S.W.2d 553, 554 (Mo.App.1981); *Branstuder v. State,* 609 S.W.2d 460, 463 (Mo.App.1980); *Haliburton v. State,* 546 S.W.2d 771, 773 (Mo.App.1977).

■ We will first take up the prisoner's complaints about his counsel's assistance which would bear upon the understanding and voluntariness of the guilty plea. Those complaints are: That counsel failed to apprise him of his right to a jury trial and "rights accompanying trial; counsel's strong reluctance to try the case: and advising defendant to plead guilty after 'virtually no investigation or research.'"

These particulars of counsel's supposed ineffectiveness are expressly and directly contradicted by the prisoner's testimony at the guilty-plea proceeding. There defendant said that counsel had advised him of his right to a jury trial, and the court furthermore went over the various constitutional and statutory protections afforded defendant in a jury trial. The prisoner also said in the guilty-plea proceeding that his counsel was willing to try the case, and acknowledged that he understood that Mr. Daniels was an experienced and well-known attorney and that he would try the case if the prisoner wanted him to do so.

## III

■ Other allegations of counsel's ineffective assistance were these: Failure of counsel to confer with the prisoner more than three times; failure to interview all state's witnesses; failure to investigate circumstances of lineups; failure to investigate circumstances of prisoner's incriminating statements to the police, alleged by prisoner to be involuntary and induced by promises, threats and coercion of police; "allowing" prisoner to be interviewed by prosecuting attorney after arraignment and without presence of counsel; and counsel's failure to investigate which "might have revealed a defense, might have led to the suppression of the statement and pre-trial identification."

The foregoing complaints were all waived by the entry of the guilty plea. *Henderson v. State,* 627 S.W.2d 324, 325 (Mo.App.1982); *Williams v. State,* 508 S.W.2d 211, 213 (Mo. App.1974). Furthermore, they are all conclusory and do not state in particular how defendant's cause would have been aided by his counsel's performance of the omitted activities, or how the prisoner was prejudiced by his omission thereof. *Wallace v. State,* 581 S.W.2d 434, 435 (Mo.App.1979); *Haliburton v. State,* supra, 546 S.W.2d at 773.

## IV

■ The prisoner also complains of an "illegal arrest," "suggestive lineup," "Mi-

randa rights," "inadequate medical attention," and "unnecessary delay in being taken before a judge." All of these complaints were waived by the guilty plea. *Henderson v. State,* supra; *Williams v. State,* supra.

### V

The movant complains that the state's motion to dismiss was sustained by the trial court without notice and an opportunity to be heard.

The state filed a motion to dismiss the prisoner's 27.26 motion. The record does not show that the trial court decided the matter without a hearing. The findings of fact and conclusions of law filed by the trial court stated: "The parties have agreed that the matter would be submitted and decided upon the written arguments; and the issues were taken under advisement by the court."

The trial court's denial of movant's 27.26 motion is affirmed.

All concur.