**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Olive Eugene JOHNSON,
Defendant-Appellant.**

**No. 48304.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 26, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 13, 1985.

Application to Transfer Denied
April 2, 1985.

**18**

Henry B. Robertson, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from convictions for kidnapping, assault in the first degree, and armed criminal action. Appellant's sole point on appeal alleges trial court error in admitting testimony of the victim's mother recounting statements made to her by the victim over the telephone. We affirm.

Viewed in light most favorable to the verdict, the evidence adduced by the State showed the following: The victim, Leon Turner, was "employed" by appellant, Olive Johnson, for the purpose of selling drugs. Appellant paid Turner for this work with cash from the proceeds.

On February 6, 1983, appellant approached Turner and demanded payment of money owed to him from Turner's sale of drugs. Turner was $52 short because somebody had robbed him of some pills.

At this point appellant pulled out a butcher knife and ordered Turner into his car. Appellant drove the car to a nearby apartment.

At the apartment, appellant insisted that Turner pay him the $52 dollars immediately. Turner attempted to comply by calling his mother on the phone. During the conversation, Turner told his mother that he needed $52 "because this man was going to hurt me." Turner was unable to obtain the money from his mother.

At this point appellant left the room, returning with a .38 pistol. Appellant told Turner, "I'm going to kill you if you don't get my money." Turner responded he couldn't get the money until Monday.

Appellant then ordered Turner to go outside. Outside, appellant pulled the gun and shot Turner. The bullet grazed Turner's jacket. A second bullet hit Turner in the back. A third bullet hit Turner in the wrist as he protected his face. Appellant then put the gun behind Turner's ear and fired a fourth shot. This bullet lodged in Turner's face. Appellant pulled the trigger twice more, but the gun did not fire.

Turner got to his feet and attempted to run. An associate of appellant caught Turner and stabbed him in the back of the neck with the butcher knife. The man stabbed Turner again, this time in the chest. Appellant continued the attack by stabbing Turner in the throat. Turner pulled the knife out of his throat and started slashing back. Thereupon, appellant seized a near-by two-by-four and continued the attack on Turner. Appellant broke off the attack minutes before the police arrived.

Of special significance to this cause of action is the telephone call from Turner to his mother. Turner's mother testified, over appellant's objection, that she received a telephone call from her son asking for $52. Mrs. Turner also testified that her son told her "there was (sic) two guys holding him. He said they were going to kill him if he didn't pay. He owed them

$52. If he didn't pay they were going to kill him."

Appellant contends that the statements of Turner were offered to prove the truth of the matter asserted, and as such, were inadmissible as hearsay. We disagree. The statements were offered to corroborate the truthfulness of Turner's testimony that he did make such a telephone call. The statements were not hearsay and were admissible.

Judgment affirmed.

GAERTNER and KAROHL, JJ., concur.