STATE of Missouri,
Plaintiff-Respondent,

v.

Leonard MOTSINGER,
Defendant-Appellant.

Nos. 51756, 51763.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 17, 1987.

Motion for Rehearing and/or
Transfer Denied
April 15, 1987.

Application to Transfer Denied
May 19, 1987.

John Munson Morris, Elizabeth Ann Levin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Charles Clifford Schwartz, James Jay Knappenberger, Clayton, for defendant-appellant.

SIMON, Judge.

Movant, Leonard Motsinger, appeals from an order, entered in the Circuit Court of Madison County, sustaining the state's motion for summary judgment on movant's three count post-conviction motion without first holding an evidentiary hearing. On appeal, movant contends that the trial court erred in dismissing his post-conviction motion without first holding an evidentiary hearing because his guilty plea was

involuntary. In order to qualify for an evidentiary hearing, movant must meet three requirements: "(1) the motion must allege facts, not conclusions, warranting relief; (2) those facts must raise matters not refuted by the files and records in the case; (3) the matters complained of must have resulted in prejudice to the defendant." *Smith v. State*, 652 S.W.2d 134, 135 (Mo.App.1983). *See also McKinney v. State*, 702 S.W.2d 890, 892 (Mo.App.1985).

On December 27, 1985, movant entered a plea of guilty pursuant to *Alford v. North Carolina*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to the charges of sexual assault in the second degree and incest. On February 20, 1986, after a pre-sentence investigation, movant was sentenced to consecutive terms of two years for sexual assault and three years for incest. After being sentenced, movant obtained new counsel and filed his motion for post-conviction relief. By Count I, movant sought to have his sentence set aside and to withdraw his plea of guilty pursuant to Rule 29.07(d). Count II sought to have the sentence set aside and vacated pursuant to Rule 27.26 and Count III was a suggestion that the trial court exercise discretion and grant probation and/or parole. The same day, the state filed a motion for summary judgment on movant's motion. On June 5, 1986, a hearing was held on the state's motion with respect to Counts I and II. On June 11, 1986, the trial court granted the state's motion for summary judgment and Counts I and II were dismissed without an evidentiary hearing. Movant appealed the dismissal of both counts separately. However, both appeals have now been consolidated. As to Count III, judgment was entered in favor of the state on April 17, 1986. That judgment has not been appealed.

■ Movant alleges three factors to demonstrate the involuntary nature of his plea. First, movant maintains that counsel who represented him at the plea hearing rendered ineffective assistance by failing to investigate fully and by failing to interview potential defense witnesses. It is well established that upon entering a guilty plea, effective assistance of counsel is material only in the context of whether or not the guilty plea was made voluntarily and knowingly. *Rice v. State*, 585 S.W.2d 488, 492 (Mo. banc 1979); *Pool v. State*, 670 S.W.2d 210, 212 (Mo.App.1984). As was stated in *Alford*, 91 S.Ct. at 164, "[t]he standard was and remains whether the [guilty] plea represents a voluntary and intelligent choice among alternative courses of action open to the movant." When an accused pleads guilty to an offense, he waives all claims of error except those affecting the voluntariness and understanding with which he makes his plea. *Shelley v. State*, 655 S.W.2d 126, 127 (Mo.App.1983). Therefore, any claim of the ineffective assistance of counsel will be addressed only "to the extent that the alleged ineffectiveness of counsel bore upon the voluntariness, the knowledge and the intelligence with which the guilty plea was made." *Oerly v. State*, 658 S.W.2d 894, 896 (Mo.App.1983).

■ In the present case, the record clearly refutes the movant's contention that the *Alford* plea was involuntary in that trial counsel failed to interview witnesses. At the Alford plea hearing, the circuit court exhaustively examined the movant to determine the voluntariness of his plea. Movant made clear that he fully understood the proceedings and that his plea was voluntary. In addition, at the plea hearing movant testified that his attorney had interviewed all witnesses that he was aware of and that he was satisfied with his attorney's advice and counsel.

Second, movant alleges that his plea was involuntary because counsel who represented him at the plea hearing promised movant probation if he would plead guilty. The record of the plea hearing clearly refutes this allegation. In response to specific questions of the trial judge, movant answered affirmatively that he understood that whether he got probation was entirely up to the trial judge and that the judge could impose any sentence permitted by law and that the entire decision as to his sentence and probation would be up to the judge. Furthermore, under *Smith v.*

*State,* 513 S.W.2d 407 (Mo.1974), the motion for an evidentiary hearing must allege facts, not conclusions, warranting relief. *Id.* at 411. Here, the movant's motion merely recites that his plea hearing counsel "misadvised the defendant as to the law and consequences of his plea of guilty." Thus, the movant has stated conclusions and not facts warranting relief in violation of *Smith, supra.*

Third, movant claims that his plea was involuntary because the trial court did not fully explore movant's state of mind to determine his ability to perceive the strength of the state's evidence against him or his ability to understand the nature of the charges against him. Once again the record clearly refutes this allegation. The prosecutor orally presented the state's evidence. The court exhaustively questioned movant and explained the evidence and the effect of entering the plea. Movant testified that he understood the state's evidence and believed that if he went to trial there was a great likelihood of conviction. Movant testified further that because of the strength of the evidence he was voluntarily entering his guilty plea. Moreover, movant's motion only alleged that the "plea was entered illegally and without proper grounds or foundation laid therefor." Hence, the motion is devoid of the required allegations of facts under *Smith,* 513 S.W.2d at 135, necessary to justify an evidentiary hearing.

The plaintiff has filed a motion to strike a supplemental brief and transcript filed with this court. The motion is denied. However, the supplemental materials fail to illustrate that the movant unknowingly and involuntarily entered an *Alford* plea due to ineffective assistance of counsel.

For the foregoing reasons the trial court's decision is affirmed.

Affirmed.

GARY M. GAERTNER, P.J., and STEPHAN, J., concur.