Floyd E. BROWNING, Movant-Appellant,

v.

STATE of Missouri, Respondent-Respondent.

No. 14800.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 25, 1987.

Lew Kollias, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

HOGAN, Judge.

This is an action for postconviction relief under Rule 27.26. Movant (defendant) Floyd Edman Browning was charged with three counts of rape in violation of § 566.-030, RSMo Supp.1984, and two counts of first-degree sexual assault in violation of § 566.040, RSMo 1978. The defendant pleaded guilty to all five counts.

After addressing the defendant personally in open court as required by Rule 24.-02(b) and (c) and having determined there was a factual basis for the pleas as required by Rule 24.02(e), the trial court accepted defendant's pleas of guilty and imposed sentence as follows: defendant was ordered to serve three consecutive terms of imprisonment for five (5) years upon his pleas of guilty to the three charges of rape; he was further sentenced to serve two concurrent one year terms of imprisonment for the sexual assaults, the sentences for sexual assault to run consecutively to the sentences for rape.

The defendant moved the trial court to vacate his sentences upon the ground, among others, that he was denied the effective assistance of counsel. He also sought to have his sentences reviewed on the ground that the trial court misinterpreted § 558.026.1, RSMo Supp.1984. The trial court denied relief and the defendant has appealed. We reverse and remand for the purpose of resentencing only.

I

*Ineffective Assistance of Counsel*

The defendant argues he did not have the effective assistance of counsel because he "was not fully advised of the consequence of his pleas, specifically regarding the running of his sentences consecutively rather than having the trial court consider running the sentences concurrently, and counsel did not render adequate assistance by not correcting the trial court's erroneous belief that Section 558.026.1, RSMo Cum.Supp.1984, required the imposition of consecutive sentences...."

The defendant concedes that when an accused has pleaded guilty to an offense, the effective assistance of counsel is material only to the extent that it affects the voluntary and knowing character of the plea. *Sanders v. State*, 716 S.W.2d 844, 845[1–3] (Mo.App.1986); *Pool v. State*, 670 S.W.2d 210, 212[1–3] (Mo.App.1984); *Oerly v. State*, 658 S.W.2d 894, 896[2] Mo.App. 1983). The trial court found, in this connection, that defendant's pleas of guilty were entered voluntarily and without persuasion or inducement by his trial counsel.

There was evidence from which the trial court could have inferred that the defendant's decision to plead guilty was both voluntary and knowing. The three counts of rape involved the defendant's own 13–year-

old daughter. The two counts of sexual assault involved his 15–year-old stepdaughter. Trial counsel testified that the defendant "wanted to get rid of this case just as soon as possible. He had a lot of remorse in him, and my conversations with him revolved around the fact that he didn't want to drag the kids through court." Further, the defendant was required to answer a long questionnaire before the plea hearing was held. One of the questions (No. 24) was whether counsel had persuaded or induced the defendant to plead guilty against his will. This question was answered "no." At the time his pleas of guilty were accepted, the defendant was interrogated in this manner:

"Q. In answer to question number two, you have answered that question stating that you understand that the first three counts, which charges [sic] the Class B felony of rape, that you understand that that carries a possibility by way of sentence of from five years to 15 years under supervision of the Department of Corrections, on each of those counts?

A. Yes, sir.

Q. And you further answered that you understand that the last two counts, which are charges of sexual assault in the 1st Degree, that those two counts carry a possibility of sentence as to each count, of one day—up to a year in the county jail, or from one year to 7 years under supervision of the Department of Corrections, and with respect to the time in the county jail, a possibility of also a five thousand dollar fine or both such fine and jail time, is that your understanding?

A. Yes, sir."

■■■ A defendant claiming ineffective assistance of counsel is obliged to show prejudice resulting from counsel's performance. *Bannister v. State*, 726 S.W.2d 821, 824 (Mo.App.1987). The evidence in the case does not compel the conclusion that the defendant's decision to plead guilty was in any manner correlated with his trial counsel's advice. In our view, the range of punishment was adequately explained by the trial court. There was no plea bargain. We find no ineffectiveness in not "correcting the trial court's erroneous belief that Section 558.026.1, RSMo Cum.Supp.1984, required the imposition of consecutive sentences." With deference to the drafters of that statute, it is no model of clarity, as the opinions construing it demonstrate. *See State v. W.__ F. W.__,* 721 S.W.2d 145, 153–54[11] (Mo.App.1986). The trial court's finding that defendant's pleas of guilty were voluntarily and knowingly tendered is not "clearly erroneous" within the meaning of Rule 27.26(j), and this point is disallowed.

## II

### *Did the Trial Court Misconstrue the Statute?*

■■■ The defendant pleaded guilty to three counts of rape and two counts of first-degree sexual assault. The trial court satisfied itself that § 558.026.1, RSMo Supp.1984, *required* the imposition of consecutive sentences, even though the rapes and other sexual offenses were not committed at the same time. The trial court was mistaken; it had discretion to impose consecutive sentences but it was not *required* to do so. *State v. W.__ F.W.__,* 721 S.W.2d at 153–54. The record suggests to us that the trial court might not have imposed consecutive sentences if it had believed it had another option.[1] The record should reflect whether the trial court exercised its discretion in imposing consecutive sentences. When it appears that the imposition of consecutively running sentences may be the result of a misunderstanding of the law, the judgment denying relief in a 27.26 proceeding may be reversed and remanded for the purpose of resentencing by the trial court in the exercise of discretion. *Baker*

---

1. In explaining its decision to impose consecutive sentences, the trial court told the defendant "... Now, Mr. Browning, that's my interpretation of the best that I can do for you under the terms of the statute."

*v. State*, 584 S.W.2d 65, 69[7] (Mo.banc 1979).

Accordingly the judgment denying relief is affirmed on all grounds except the imposition of consecutive sentences. The judgment is reversed and the case is remanded for the limited purpose of resentencing by the trial court in the exercise of its discretion to impose consecutive or concurrent sentences.

PREWITT, P.J., and FLANIGAN and MAUS, JJ., concur.