James Ronald McGUIRK,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 15232.

Missouri Court of Appeals,
Southern District,
Division One.

April 26, 1988.

Terry J. Flanagan, P.C., St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Presiding Judge.

James Ronald McGuirk appeals from the denial of his Rule 27.26 [1] motion to vacate, set aside or correct his conviction and sentences he received after entering pleas of guilty to two counts of sodomy. § 566.060.[2] McGuirk received consecutive sentences of 15 years' imprisonment for the crimes.

In his 27.26 motion, McGuirk alleged (1) ineffective assistance of trial counsel, (2) that his constitutional rights were violated during his in-custody interrogation, and (3) that the trial judge had an erroneous impression that § 558.026(1) mandated consecutive sentences in cases of this type. An evidentiary hearing was held, and after evidence was heard, the motion court made written findings of fact and conclusions of law, and denied relief.

On appeal, McGuirk reasserts the three allegations raised in his motion to vacate. We have a duty to uphold the findings, conclusions and judgment of the motion court unless they are clearly erroneous.

1. Rule 27.26 was repealed effective January 1, 1988. Page 142, Missouri Rules of Court (19th ed. 1988). The instant proceeding continues to be governed by Rule 27.26, as the sentences were pronounced prior to January 1, 1988, and McGuirk's motion under Rule 27.26 was pend-ing prior to January 1, 1988. Rule 24.035(1), Missouri Rules of Criminal Procedure (19th ed. 1988).

2. All references to statutes are to RSMo 1986, V.A.M.S.

Rule 27.26(j). McGuirk has the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f).

We first examine the ineffective assistance of counsel allegation. The first count of the information filed against McGuirk charged that on September 30, 1985, he committed the offense of sodomy, § 566.060, by having deviate sexual intercourse with C.B.S. to whom McGuirk was not married, and who was less than 14 years of age. The second count of the information was identical to count one, except that it alleged that the offense occurred on October 2, 1985. The victim was a four year-old female child.

The ineffective assistance of counsel charged by McGuirk was that his trial attorney (1) failed to challenge the weight, sufficiency, and credibility of the testimony of the child, (2) elected to waive McGuirk's preliminary hearing, thereby precluding his right to confront and cross-examine the child, (3) failed to depose the child, or determine her ability to recall facts and testify in a truthful manner, (4) failed to contact witnesses or depose potential witnesses, and (5) failed to adduce any evidence on McGuirk's motion to suppress the use of his confession to the crimes as evidence.

On this issue, the motion court found as follows:

5. Subparagraph B of paragraph 7 of Movant's Motion, alleges that Movant's trial attorney rendered ineffective assistance of counsel for various reasons. Many of the allegations contained in subparagraph B are not germane, since this cause was a plea and not a trial. Complaints about ineffective assistance of counsel are immaterial to allegations in post conviction relief.

6. The allegations that ineffectiveness of counsel effected the voluntariness, knowledge and intelligence with which a guilty plea was made were expressly and directly contradicted by defendant's testimony at the guilty plea proceeding. Allegations that the trial attorney failed to challenge the weight, sufficiency and credibility of the complaining witness, failed to interview all the State's witnesses, failed to investigate the circumstances of defendant's incriminating statements to police, were all waived by entry of defendant's guilty plea. *Oerly v. State of Missouri*, 658 SW 2nd 894 (Mo.App.1983). Regarding the allegations of paragraph 7, subparagraph B (2), this Court finds that regarding the preliminary hearing, the defendant was sworn in open court, and filed a written plea waiving his right to preliminary hearing and that the Movant's waiver was knowing[ly] and intelligently entered. This Court finds that the Movant's plea of guilty was voluntary, knowingly and intelligently entered. The Movant has not met his burden in this matter.

In order to prevail on an ineffective assistance of counsel claim, McGuirk has the burden of showing by a preponderance of the evidence that his guilty plea was not knowingly and voluntarily given because of ineffective assistance of counsel. *Wiles v. State*, 689 S.W.2d 786, 787 (Mo.App.1985). He has not done so. There is conclusive evidence in the record to support the findings of the motion court that McGuirk's guilty pleas were knowingly and voluntarily given. McGuirk executed a written waiver to a preliminary hearing in which he stated that he understood the nature of the charges against him, had discussed the matter with his lawyer, and knew he had the right to question any witness called by the state at a preliminary hearing, and to call witnesses on his own behalf.

On the day set for trial, which was almost four months after waiving his preliminary hearing, McGuirk advised the trial court he wished to withdraw his not guilty plea and to enter pleas of guilty. The trial judge questioned McGuirk at length about his understanding and voluntariness of the proposed pleas. McGuirk not only admitted his deviate sexual behavior, but also related to the trial judge the acts that had led to the charges being filed against him. McGuirk stated he was aware of his right to a jury trial, the right to confront and cross-examine witnesses, the right to pro-

duce witnesses in his own behalf, his right to counsel, and all other constitutional rights he could exercise in the event he chose to plead not guilty.

Prior to accepting the guilty pleas, the trial court made the following inquiry regarding McGuirk's representation by his trial counsel, Mr. Carter:

Q. Are you satisfied with Mr. Carter as your attorney?

A. Yes, sir.

Q. Has he done everything that you have asked him to do in preparing your case for trial?

A. Yes, sir.

Q. Has he failed or refused to do anything that you have asked him to do in getting your case ready for trial?

A. No, sir.

Q. Do you have any complaints whatsoever about Mr. Carter's representation of you?

A. No, sir.

Q. You are completely satisfied with his representation of you in this case?

A. Yes, sir.

Q. You and Mr. Carter have conferred on many occasions about this case, is that correct?

A. Yes, sir.

Q. How many hours, roughly, would you say that you and Mr. Carter have spent together talking about this case?

A. Oh, I don't know, I would say fifteen, twenty something.

Q. Hours?

A. Yeah.

Q. All right. Mr. Carter, have you discussed all of the defendant's legal rights in the defense of this case with him?

Mr. Carter: Yes, sir.

Q. Have you discussed with him the evidence which he has provided you and evidence which you have been able to obtain from the Prosecuting Attorney and other sources?

Mr. Carter: Yes, sir.

Q. Do you believe the Prosecuting Attorney has provided you with all the evidence or leads to all the evidence which he has?

Mr. Carter: Yes, sir.

....

Q. Mr. McGuirk, would you like to continue with your plea of guilty or would you like to withdraw it and have a jury trial?

A. Continue it.

Q. You want to continue with your plea of guilty on each of the two counts, is that correct?

A. Yes, sir.

The findings and conclusions of the motion court to the effect that McGuirk's guilty pleas were knowingly and voluntarily given, and were not the result of ineffective assistance of counsel are fully supported by the record, and are not clearly erroneous. The point has no merit.

■ McGuirk next alleges that the motion court erred as a matter of law in denying his post-conviction motion to vacate "in that Appellant's *Miranda* rights were violated by the arresting police officers during a custodial interrogation when they misled Appellant to believe that he would be granted leniency toward his punishment in exchange for a swift confession. *State v. Lytle*, 715 S.W.2d 910 (Mo. banc 1986)."

*Lytle* is of no aid to McGuirk, as all it states is that a defendant is denied due process if his conviction is founded, in whole or in part, upon an involuntary confession. McGuirk's convictions were the result of guilty pleas which the trial court and motion court correctly found to be knowingly and voluntarily given. On this issue, the motion court found:

7. Movant alleges in subparagraph C of paragraph 7 that the Movant's confession on October 14, 1985, was not voluntary, in that he was not properly afforded his constitutional rights pursuant to the Miranda decision prior to custodial interrogation by the arresting police officers and alleges the court erred in failing to exclude this testimony in the Motion to Suppress and that the trial attorney failed to properly conduct the Motion to Suppress. Allegations of the trial

court's ineffective handling of the Motion to Suppress or investigate the circumstances of defendant's incriminating statements to police were all waived by the entry of defendant's guilty plea. *Oerly v. State of Missouri,* 658 SW 2nd 894 (Mo.App.1983).

The motion court's reliance on *Oerly* is correct, as there the court said, on pp. 896–897, that, among other things, a violation of his Miranda rights is waived by the entry of a guilty plea. Even if this were not the case, there is nothing in the record to indicate that McGuirk was coerced, tricked, or misled into confessing to the crimes. The point has no merit.

■ In his remaining allegation of motion court error, McGuirk alleges that the trial court erred as a matter of law in its interpretation of § 558.026.1, when it stated that such statute mandated the imposition of consecutive sentences after McGuirk pled guilty to the two felony counts.

In its brief, the state concedes that the trial court's interpretation of the meaning of the statute was error by reason of this court's holdings in *Browning v. State,* 735 S.W.2d 210 (Mo.App.1987) and *State v. W.___ F. W.___,* 721 S.W.2d 145 (Mo.App. 1986), and requests that we remand the cause to the circuit court for a determination of whether McGuirk's sentences should be served consecutively or concurrently. We agree that such procedure should be followed.

Section 558.026.1 RSMo Cum.Supp.1984 reads as follows:

1. Multiple sentences of imprisonment shall run concurrently unless the court specifies that they shall run consecutively; except that, in the case of multiple sentences of imprisonment imposed for the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid and for other offenses committed during or at the same time as that rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid, the sentences of imprisonment imposed for the other offenses may run concurrently, but the sentence of imprisonment imposed for the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid shall run consecutively to the other sentences.

In Count I of the information, McGuirk was charged with committing the crime of sodomy on September 30, 1985, by having deviate sexual intercourse with C.B.S., a person to whom McGuirk was not married, and who was less than 14 years of age. Count II was identical to Count I, except that October 2, 1985, was specified as the date of the offense.

In *State v. W.___ F. W.___,* supra, the defendant was charged with two counts of rape, which were alleged to have been committed on different dates. He was found guilty and given 30–year concurrent sentences. In addressing the state's contention on appeal that the sentences should have been consecutive, in view of the language of § 558.026.1, this court held that since the state did not allege and prove that the two rapes occurred "during or at the same time," which was the language used in the statute as part of the formula that mandated the imposition of consecutive sentences, the trial court had the discretion to make the sentences concurrent, if it chose to do so. The holding in *State v. W.___ F. W.___* was approved and followed in *Browning v. State,* supra, where it was held that the trial judge's belief that the language of § 558.026.1 mandated consecutive sentences in certain sex offense cases, including rape and sodomy, even if it was not alleged and proved that the multiple criminal acts occurred during or at the same time, was erroneous.

We see no difference in the facts of this case and those presented in the two cases cited.

The judgment of the motion court denying relief is affirmed on all grounds except the approval of the consecutive sentences which was contained in the findings, conclusions, and judgment of the motion court.

The motion court's findings, conclusions, and judgment on that issue are reversed, and the cause is remanded to the trial court

for the limited purpose of setting aside the sentences pronounced by it in this case, and to resentence McGuirk. In such procedure, the motion court is to exercise its discretion to determine if the sentences imposed should run concurrently or consecutively.

CROW, C.J., and HOLSTEIN, J., concur.

