Mark Edward GILMORE,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 15524.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 10, 1988.

Motion for Rehearing or to Transfer to Supreme Court Denied Aug. 22, 1988.

Elizabeth A. Bock, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Movant, Mark Gilmore, appeals from the denial without evidentiary hearing of his motion to vacate his conviction and ensuing five-year sentence in the custody of the Missouri Department of Corrections that was imposed following his guilty plea to a felony charge of selling marijuana. We affirm.

Gilmore's motion to vacate, filed pursuant to Rule 27.26,[1] after amendments both pro se and by counsel, alleged that he was entitled to have his conviction and sentence vacated because the sentencing judge reneged on his promise that if Gilmore exhibited good behavior during the first 120 days of his confinement, the judge would place him on probation.[2] Gilmore requested an evidentiary hearing on the issue. In rejecting the request for an evidentiary hearing, and in dismissing Gilmore's motion to vacate, the motion court, in its written findings of fact and conclusions of law, stated that Gilmore's claim was refuted by the record and, as a result, was not entitled to an evidentiary hearing.

1. Rule 27.26 was repealed effective January 1, 1988. Page 142, Missouri Rules of Court (19th ed. 1988). The instant proceeding continues to be governed by Rule 27.26, as the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was pending prior to January 1, 1988. Rule 24.035(1), Missouri Rules of Criminal Procedure (19th ed. 1988).

2. Section 217.775(2) RSMo. (Supp.1987), as amended, provides that a circuit judge has the power to grant probation to a prisoner that he has sentenced at any time up to 120 days after the time the prisoner was delivered to the custody of the division of adult institutions of the Missouri Department of Corrections.

Our review is limited to a determination of whether those findings and conclusions were clearly erroneous. Rule 24.-035(j). In order to be entitled to an evidentiary hearing in a motion to vacate proceeding, movant must meet three requirements: (1) the motion must state facts, not conclusions, warranting relief; (2) those facts must raise matters not refuted by the files and records in the case; and, (3) the matters complained of must have resulted in prejudice to the movant. *Ahart v. State*, 732 S.W.2d 256, 257 (Mo.App.1987).

The record indicates that Gilmore entered his guilty plea after a plea bargain agreement that he would receive a five-year sentence, and that the state would not oppose probation. Gilmore indicated at the time he entered his guilty plea that he understood the terms of the agreement. Following the plea, there was a discussion of whether probation would be granted. At that time, the trial judge said, in the presence of Gilmore and his attorney, Mr. Jones:

> Now Mr. Jones has mentioned all this started as a young man, and I guess you just got into this, apparently, and just can't seem to break loose from it. I am—don't normally do this. I am not going to grant you probation, but I am going to write a letter to the people up in the Department of Corrections. And, depending on how you behave yourself in the Department of Corrections, I'm going to ask them to report to me within one hundred and twenty days and recommend to me whether or not you should be at that time considered for probation, and I will give you consideration at that time. But that remains to be seen whether I will or won't. I won't promise you now that I will grant probation at that time. I will give it consideration.

Gilmore's brief filed here indicates that the trial judge followed up on his promise to request a conduct report on Gilmore, and that the trial court received such a report which stated that Gilmore's conduct had been good. However, the fact remains that the record conclusively demonstrates that the trial judge did not promise Gilmore probation if he behaved himself for 120 days. Since Gilmore's factual claim is refuted by the record, he was not entitled to an evidentiary hearing. The findings and conclusions of the motion court are not clearly erroneous.

The order denying relief is affirmed.

HOLSTEIN, C.J., and CROW, P.J., concur.