**Jeffrey Lynn STEVENS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55739.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 16, 1989.

M. Dwight Robbins, Fredericktown, for appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

Movant pled guilty to possession of marijuana, § 195.020, RSMo 1986, punishable as a felony because a second offense. § 195.200.1(1)(b), RSMo 1986. After a presentence investigation, the court denied movant probation and sentenced him to five years' imprisonment.

Movant asserts he was entitled to an evidentiary hearing on his allegations his counsel was ineffective and his plea was not knowingly and voluntarily made. To be entitled to an evidentiary hearing, movant must have pled facts, not conclusions, warranting relief, which are not refuted by the record, which resulted in prejudice to movant. *Farmer v. State*, 758 S.W.2d 156, 157[1] (Mo.App.1988).

■ Movant first asserts his guilty plea counsel was ineffective because he failed "to interview any witnesses or to investigate the facts of the case." After a guilty plea, the effectiveness of counsel is relevant only if it affected the voluntariness and understanding of movant's plea. *Wagner v. State*, 752 S.W.2d 361, 362[1] (Mo. App.1988). To demonstrate he was prejudiced by counsel's failure to investigate, movant must have shown there is a reasonable probability the discovery of the evidence would have caused him to change his plea. *See Armour v. State*, 741 S.W.2d 683, 688–689[1, 2] (Mo.App.1987).

As to this allegation, movant was properly denied an evidentiary hearing because his motion failed to demonstrate facts to show how he was prejudiced. While movant did name in his motion potential witnesses he alleged should have been interviewed, he failed to allege what these witnesses would have testified to and how it would have aided his defense at trial. *Richardson v. State*, 750 S.W.2d 623 (Mo. App.1988). Nor did movant allege what specific information his attorney failed to discover, that reasonable investigation would have revealed this information, and that this information would have aided movant's defense. *Green v. State*, 708 S.W.2d 295, 297[2] (Mo.App.1986). Furthermore, this allegation is refuted by the record. At the guilty plea hearing, movant was exhaustively questioned as to the voluntariness of his plea. Movant testified he was satisfied with his attorney's investigations, he had interviewed all known witnesses, and he had informed movant of all defenses. *State v. Motsinger*, 728 S.W.2d 633, 634[2] (Mo.App.1987).

■ Movant further asserts his counsel was ineffective because he failed to advise movant that only the court could grant probation, and that his plea of guilty was involuntary because he was advised by counsel he would receive probation if he pled guilty.

The guilty plea transcript demonstrates movant was thoroughly questioned as to the voluntariness and understanding of his plea. Movant was advised by the court of the range of punishment, that the court was not bound by the promises made by any one and could impose any sentence within the range of punishment permitted by law. Movant was notified by the court that a pre-sentence investigation would be made, after which the court would decide whether movant was a candidate for probation. Movant testified that no promises had been made to him to induce his plea of guilty, other than the State's promise to refrain from recommending or opposing any sentence.

This record clearly refutes movant's allegation he was promised probation by his attorney. *State v. Motsinger* at 634–635[2]. Further, any belief movant had that he was guaranteed probation was unreasonable because he was clearly disabused of this by the guilty plea court's thorough explanation of the range of punishment and its power to grant whatever sentence or probation it believed proper. *See Kammer v. State*, 748 S.W.2d 844, 846[1] (Mo.App.1988); *Marlatt v. State*, 672 S.W.2d 165, 167[2, 3] (Mo.App.1984). Movant's dashed hopes of a lesser sentence, *Oldham v. State*, 740 S.W.2d 213, 214 (Mo.App.1987), or an inaccurate prediction by his counsel of the sentence did not render movant's plea involuntary. *Blanchette v. State*, 753 S.W.2d 322, 324[4] (Mo. App.1988). Indeed, movant brought about the sentence himself. The pre-sentence investigation report showed that four days after his plea, while released on bond, movant was arrested for driving with a revoked driver's license, and tested positive for marijuana on a urinalysis. Movant could

hardly expect probation under these circumstances.

Judgment affirmed.

CRANDALL, P.J., and DOWD, J., concur.