Demetrius Lamar EVANS, Appellant,

v.

STATE of Missouri, Respondent.

No. 55624.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 16, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 13, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Ilene A. Goodman, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Chief Judge.

Movant pled guilty on December 15, 1986, to Count I: First Degree Burglary; Count II: First Degree Robbery; Count III: Kidnapping and Count IV: Armed Criminal Action. On that same date movant was sentenced to ten years on Count I; twenty years on Count II; twenty years on Count III; and ten years on Count IV, all sentences to run concurrently for a total of twenty years in the Missouri Department of Corrections. On May 3, 1988, movant filed a *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. Counsel was appointed to represent movant and an amended 24.035 motion was subsequently filed on July 5, 1988. Movant's motion alleged that movant was denied effective assistance of counsel because counsel failed to investigate the facts and circumstances surrounding the case. Movant further asserted that his pleas of "guilty" were not voluntarily given, but a product of coercion as a result of counsels threats and promises. On September 13, 1988, the motion court entered its findings of fact and conclusions of law granting in part and denying in part movant's motion without an evidentiary hearing. This appeal follows.

■ Movant alleges the motion court erred when it failed to make findings of fact and conclusions of law on each and every issue presented as required by Rule 24.035(i). Movant claims that the motion court did not address point eight of his motion which provided:

Movant was denied effective assistance of counsel in that trial counsel failed to object and contest the sentencing of movant to twenty years on Count III, kidnapping, as the sentence exceeded the maximum allowed by law. Counsel's inactions deprived Movant of his constitutional right to due process and effective assistance of counsel.

Rule 24.035(i) provides that the motion court "shall issue findings of fact and conclusions of law on all issues presented." This language is identical to the language of former Rule 27.26(i) which has been repealed. Cases construing Rule 27.26(i) provide that findings of fact and conclusions of law are adequate if they sufficiently cover all points raised by petitioner. *Young v. State,* 761 S.W.2d 725 (Mo.App. 1988). What is necessary is that the findings be sufficient for an appellate court to determine if they are clearly erroneous. Moreover, they need only be responsive to the issues raised not itemized. *Jackson v. State,* 729 S.W.2d 253 (Mo.App.1987). Points six and seven of the motion court's findings of fact and conclusions of law sufficiently address movant's alleged point of error. Point six provides: "[a]s to allegation 7, Movant was in fact sentenced in access (sic) of the maximum range of punishment in Count III, the maximum being 15 years in the Department of Corrections. The relief that Movant has requested will

be granted." Point seven further provides: "[s]entencing to a term of years greater than the maximum penalty can be cured and is not sufficient grounds for relief." These points clearly address the very point movant claims was not addressed. Movant's first point is denied.

Movant's second point is that the motion court erred in holding that movant's pleas of "guilty" were voluntary, intelligent and knowing because movant had ineffective assistance of counsel due to counsel's failure to fully investigate the facts and circumstance surrounding the charges and because counsel coerced and misled movant into pleading guilty. Movant also contends that the motion court erred in denying his motion without an evidentiary hearing because he alleged sufficient facts not refuted by the record to entitle him to a hearing.

■ Our review of a denial of post conviction relief is limited to a determination of whether the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 24.035(j); *Gilmore v. State*, 755 S.W.2d 436, 437 (Mo.App.1988). Such findings are clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Abercrombie v. State*, 755 S.W.2d 734, 735 (Mo.App. 1988). An evidentiary hearing on a post-conviction motion will only be granted when: (1) the motion states facts, not conclusions warranting relief; (2) those facts raise matters not refuted by the files and records in the case; and, (3) the matters complained of resulted in prejudice to the movant. *Ahart v. State*, 732 S.W.2d 256, 257 (Mo.App.1987). Moreover, when an accused pleads guilty, any claim of ineffective assistance of counsel is considered only "to the extent the alleged ineffectiveness of counsel bore upon the voluntariness, the knowledge and intelligence with which the guilty plea was made." *State v. Motsinger*, 728 S.W.2d 633, 634 (Mo.App.1987), *citing Oerly v. State*, 658 S.W.2d 894, 896 (Mo.App.1983).

■ Appellant alleges that he was forced to plead guilty because trial counsel failed to investigate the facts and circum-

stances of the crime. Specifically, had counsel investigated she would have discovered that no weapon was involved, therefore, movant should not have been charged with either first degree robbery or armed criminal action involving the use of a weapon. Movant did not plead guilty to robbery in the first degree or armed criminal action involving a weapon. Rather, movant pled guilty to committing robbery in the first degree and armed criminal action by the use of a dangerous weapon, namely a pair of scissors held to the throat of the victim. Section 569.020 (RSMo 1986) defining robbery in the first degree and § 571.015 (RSMo 1986) defining armed criminal action both provide that those crimes may be committed by the use of a dangerous instrument or a deadly weapon. Therefore, the motion court did not err in finding that trial counsel was not ineffective for failing to investigate for the existence of weapon when use of a weapon was not needed to obtain a conviction for the charged crimes.

■ Movant also contends that counsel misled and coerced movant into pleading guilty by taking advantage of movant's young age, promising movant he would be paroled in five years and would serve his time at Boonville or Algoa, correctional institutions for teenagers, and threatened movant with a 110 year sentence and "new law" which would require movant to do more time leaving movant with no choice but to plead guilty due to reliance on misrepresentations and threats by counsel.

Movant testified at his guilty plea hearing that he was not threatened, forced, or intimidated to plead guilty against his will. Movant also testified no promises other than those contained in the plea agreement had been made to him. Movant testified that he was satisfied with his attorney's representation and that he had told his attorney all of the facts and circumstances surrounding the case and believed that his attorney had been fully informed. Moreover, movant testified that he was pleading guilty voluntarily and of his own free will because he was guilty and that he understood that the judge was not required to follow the recommendations set out in the

plea agreement. These statements clearly refute the allegations contained in movant's motion. We, therefore, find the motion court was not clearly erroneous in denying movant an evidentiary hearing.

Movant finally claims that the motion court erred in not finding counsel ineffective for allowing him to be sentenced on a kidnapping charge to a sentence that exceeded the maximum sentence allowed by law. The motion court found that movant had been sentenced incorrectly and granted the relief movant requested at the hearing, therefore we can find no error on the part of the motion court.

Judgment of the motion court is affirmed.

CARL R. GAERTNER and CRANDALL, JJ., concur.