**Olive JOHNSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55881.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 5, 1989.

---

Cathy R. Kelly, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

HAMILTON, Judge.

Movant Olive Eugene Johnson (hereinafter Movant) appeals the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm.

Following his conviction by a jury of kidnapping, assault first degree, and armed criminal action, the trial court sentenced Movant, as a persistent offender, to concurrent prison terms of twenty-five years for kidnapping and assault and to a consecutive term of five years for armed criminal action. This court affirmed the convictions on appeal. *State v. Johnson*, 686 S.W.2d 17, 18 (Mo.App.1984).

Movant thereafter filed a *pro se* motion pursuant to Rule 29.15. After her appointment by the motion court, counsel for Movant filed an amended motion that requested a hearing on all matters raised. The motion court denied Movant's amended motion for post-conviction relief without an evidentiary hearing, having found that the record refuted all its allegations.

In his sole point on appeal, Movant contends the motion court erred in denying him an evidentiary hearing on the allegation that his trial counsel failed to investigate, interview, subpoena or present three alleged alibi witnesses.

Appellate review of a Rule 29.15 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j). The findings, conclusions, and order of the trial court are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Moton v. State*, 772 S.W.2d 689, 691 (Mo. App.1989).

Pursuant to Rule 29.15(g), no evidentiary hearing is necessary if "the files and record of the case conclusively show that the movant is entitled to no relief...." Moreover, a movant is entitled to such a hearing only if (1) the Rule 29.15 motion alleges facts, not conclusions, warranting

relief; (2) the facts alleged raise matters unrefuted by the files and records in the case; and (3) the matters complained of resulted in prejudice to movant's defense. *Evans v. State*, 773 S.W.2d 164, 166 (Mo. App.E.D.1989).

To establish ineffective assistance of counsel, a movant must demonstrate that (1) counsel's performance was unreasonable under prevailing professional norms, and (2) movant was thereby prejudiced. *Hamm v. State*, 768 S.W.2d 574, 576 (Mo.App.1989). Moreover, Movant must overcome the presumption afforded defense counsel that, under the circumstances, the challenged action might be sound trial strategy. *Id.* at 577 (quoting *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984)).

The record refutes Movant's claim that his trial counsel was ineffective for failing to investigate, interview, and subpoena or present three alleged alibi witnesses. In particular, the record amply demonstrates no prejudice to Movant's defense. At trial, the defense presented both Movant and his friend Catherine Powell. Each testified that Movant was at a party in Powell's apartment from 5 p.m. to approximately 6 a.m. the next day, the period during which the crimes were committed. Both testified that the victim showed up at the party; that Movant refused to let him enter the apartment; and that Movant pushed the victim out the door before closing it. Movant further testified he did not thereafter see the victim. Thus, Movant's trial counsel adequately presented the alibi defense.

Movant's motion, which alleged that the three additional alibi witnesses were present at the Powell party, merely concluded that failure to subpoena these witnesses prejudiced Movant by denying him support for his alibi defense. It also asserted that these witnesses "could have substantiated Movant's alibi and bolstered Movant's defense to the crimes ... charged." Movant alleged no facts, however, to which these witnesses would testify. Thus, we can only speculate as to the efficacy of their testimony with respect to Movant's defense. As a result, the motion fails adequately to plead prejudice resulting from the failure to call these witnesses.

As a general rule, the decision of which witnesses to present at trial is a matter of trial strategy and will support no finding of ineffective assistance of counsel. *Black v. State*, 723 S.W.2d 474, 475 (Mo. App.1986); *Pinkard v. State*, 694 S.W.2d 761, 762 (Mo.App.1985). Nor is the failure to produce cumulative evidence ineffective representation. *Robinson v. State*, 760 S.W.2d 516, 517 (Mo.App.1988). Where, as here, the record demonstrates that Movant presented an alibi defense at trial, albeit unsuccessfully, he cannot now claim his attorney was ineffective for failing to present additional alibi witnesses, absent more specific allegations.

The record clearly refutes Movant's claim of ineffective assistance of counsel. Furthermore, neither Movant's allegations nor the record before us demonstrates that counsel's failure to call the alleged alibi witnesses resulted in prejudice to Movant's case. The trial court, therefore, properly denied Movant's Rule 29.15 motion without an evidentiary hearing. *Evans*, 773 S.W.2d 164, 166.

Affirmed.

CARL R. GAERTNER and STEPHAN, JJ., concur.