**Paul O'Neil NORFOLK, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56777.**

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 9, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 6, 1990.

Douglas W. Hartig, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Chief Judge.

Movant, Paul O'Neil Norfolk, appeals the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm.

Movant was convicted by a jury of second degree burglary in violation of § 569.170 RSMo 1986 for knowingly entering the stock room of a Famous–Barr department store for the purpose of stealing. He was sentenced as a persistent offender to a term of fifteen years imprisonment. His sentence was affirmed on direct appeal in *State v. Norfolk*, 745 S.W.2d 737 (Mo. App.1987).

Movant filed a *pro se* motion to vacate, set aside, or correct the judgment and sentence pursuant to Rule 29.15. After appointment of counsel, an amended motion was filed alleging, in pertinent part, that trial counsel was ineffective for failing to introduce evidence that the stock room door of Famous–Barr was open at the time of movant's entry. Thus, movant argues that he did not have notice that his entry was illegal, and therefore, no burglary occurred. The motion was denied without an evidentiary hearing.

In his sole point on appeal, movant contends that the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing because movant alleged sufficient facts which, if proved, would constitute grounds to vacate and set aside his judgment and sentence. Movant thus was denied his right to effective assistance of counsel, due process, and equal protection of the law. The vagueness of his point forces us to search the argument portion of movant's brief to discover what facts movant claims he alleged which, if proved, would have entitled him to relief. In the argument portion of his brief, movant states that he "is claiming ineffective assistance of counsel because his trial attorney failed to present evidence that would show the posted signs were not visible." Evidently, testimony at trial revealed that the door to the stock room had a sign on it stating, "Authorized Personnel Only." If this sign were in such a position so that it was not visible, movant argues that he would not have had notice that entry was forbidden.

Appellate review of a Rule 29.15 motion shall be limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j); *Johnson v. State*, 776 S.W.2d 456, 457 (Mo.App.1989). The findings and conclusions of the motion court are clearly erroneous only if, upon review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Id.* To be entitled to an evidentiary hearing: (1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters unrefuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to movant's defense. *Id.* at 457–8. Further, to establish ineffective assistance of counsel, movant must demonstrate that: (1) counsel's perform-

ance was unreasonable under the prevailing professional norms; and (2) movant was thereby prejudiced. *Id.* at 458[1].

■ Movant's point on appeal; i.e., that trial counsel was ineffective for failing to produce evidence that the "Authorized Personnel Only" sign was not visible, therefore movant had no notice that his entry was forbidden, was not specifically alleged in movant's *pro se* or amended motion. The *pro se* motion alleges, in pertinent part, "I never ever—saw a keep out sign." The amended motion alleges, in pertinent part, that trial counsel was ineffective for failing to introduce evidence that the stock room door of Famous–Barr was open at the time of movant's entry. Thus, movant did not have notice that his entry was illegal, and therefore, no burglary occurred. The contention on appeal is that the sign was not visible; not that movant did not see it, nor that the stock room door was open. An issue not raised in a Rule 29.15 motion and not presented to the motion court will not be considered on appeal. *Moton v. State,* 772 S.W.2d 689, 692[5] (Mo.App. 1989).

Judgment affirmed.

DOWD, P.J., and JOSEPH J. SIMEONE, Senior Judge, concur.