Joseph M. LEWIS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 19133.

Missouri Court of Appeals,
Southern District,
Division Two.

July 18, 1994.

Raymond L. Legg, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Presiding Judge.

Movant Joseph Lewis appeals from a denial, after evidentiary hearing, of his Rule 24.-035[1] motion, seeking to vacate a judgment and sentence on a plea of guilty to forgery, a class C felony. Movant was sentenced to a term of three years' imprisonment.

Movant's sole point is that he was entitled to relief on his motion, and the trial court erred in ruling otherwise, because movant was denied his constitutional right to effective assistance of counsel and his plea was thereby tainted, "in that movant relied on defense counsel's representations that he would probably receive probation in deciding to enter a plea of guilty," and the plea was induced by "an unfulfilled promise regarding the length of time he would be incarcerated."

Appellate review of the trial court's ruling on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(j). The trial court apparently granted movant an evidentiary hearing on the basis of other grounds contained in the motion. Movant has not challenged the trial court's disposition of those grounds. Since the record of the guilty plea hearing refutes movant's point, movant would not have been entitled to an evidentiary hearing on the ground asserted in it. *Kinder v. State*, 867 S.W.2d 667, 668[2] (Mo.App.1993).

At the guilty plea hearing, the court was made aware of a written plea bargain signed by the prosecutor and by movant and his counsel. That agreement read, in pertinent part:

"Defendant to enter plea of guilty to the charge of Class C Felony Forgery. If the defendant is placed on probation, the court is free to impose any sentence it deems appropriate within the law. If defendant is *not* placed on probation the sentence shall not exceed 3 years in the Department of Correc-

tions. It is understood that the state is free to present evidence and argue against probation at sentencing and will oppose any sentence to the Jasper County Jail on a felony charge." (Emphasis in original.)

Also at the plea hearing, under questioning by the court, movant stated that no one in any way had promised him that he would get probation in this case and that he understood that whether he got probation or not was entirely up to the court. Movant also said that no one was forcing him to enter the plea. Movant told the court that he understood that even if the probation officer recommended probation, that recommendation would not be binding on the court. After an extensive colloquy with movant prior to acceptance of the plea, the court found it to be voluntary, accepted it, and ordered a presentence investigation.

At the evidentiary hearing on the motion, movant testified that his trial attorney, prior to the entry of the plea, told movant that if movant pleaded guilty he would "most likely get five years' probation, and if I didn't get probation the most I would get would be 120–day shock time." Asked by his postconviction counsel whether his trial attorney "guaranteed" that movant would get probation, movant responded, "It wasn't completely guaranteed but he said that was the most likely thing that I would get." On cross-examination by the prosecutor, movant admitted that when he entered his plea the judge asked him if anyone had promised him probation and movant answered, "No." Movant also admitted that the plea had been entered pursuant to a plea bargain.

Movant's trial attorney, a witness for the state, testified that prior to the entry of the plea he did not guarantee movant that he was going to get probation. "I never tell clients that I guarantee probation." On cross-examination by movant's post-conviction counsel, the attorney testified that he remembered talking to movant about the case but did not remember specifically what was said. The attorney said that the courts in Jasper County, where the plea was en-

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

tered, "don't avail themselves of [120-day shock] very often, so I doubt that I told him he would have any chance of getting 120-day shock."

In its order denying the motion, the trial court set forth the happenings at the guilty plea hearing. The court stated:

"There is no basis in fact for the allegation that he would probably get probation, but if he did not get probation the worst would be 120 day shock probation. Even if this allegation had any evidentiary support, a disappointed hope of a lesser sentence does not make a guilty plea involuntary."

This court holds that the foregoing findings and conclusions of the trial court are not clearly erroneous and, indeed, are fully supported by the record.

In *Stevens v. State,* 770 S.W.2d 496 (Mo. App.1989), movant appealed from a denial of his Rule 24.035 motion without an evidentiary hearing. Movant claimed that his plea was tainted because his counsel was ineffective in that counsel advised movant that he would receive probation if he pled guilty. The sentencing court had denied movant probation and sentenced him to five years' imprisonment.

The court of appeals, in rejecting movant's appeal, pointed out that the transcript of the guilty plea hearing demonstrated that movant was thoroughly questioned as to the voluntariness and understanding of his plea, that movant was advised by the court of the range of punishment, and that the court was not bound by promises made by anyone and could impose any sentence within the lawful range of punishment, and that movant had testified that no promises had been made to him to induce his guilty plea.

The court said, 770 S.W.2d at 497:

"This record clearly refutes movant's allegation he was promised probation by his attorney. Further, any belief movant had that he was guaranteed probation was unreasonable because he was clearly disabused of this by the guilty plea court's thorough explanation of the range of punishment and its power to grant whatever sentence or probation it believed proper. Movant's dashed hopes of a lesser sentence, or an inaccurate prediction by his counsel of the sentence did not render movant's plea involuntary." (Citing authorities.)

The judgment is affirmed.

PREWITT and GARRISON, JJ., concur.