**STATE of Missouri, Respondent,**

v.

*Jose A. NEGRON, Appellant.*

No. 23810.

Kansas City Court of Appeals.

Missouri.

Dec. 2, 1963.

Crouch & Fitzgerald, Warrensburg, for appellant.

David J. Dixon, Pros. Atty., Johnson Co., Warrensburg, for respondent.

BROADDUS, Presiding Judge.

This is an appeal by defendant from a judgment based upon a jury verdict finding the defendant guilty of an open and notorious act of public indecency, grossly scandalous, and assessing punishment at six months in the county jail.

The State's evidence showed that the prosecuting witness, Mrs. Sue Ann Loveall, lived at 212 Ming Street, Warrensburg, Missouri, in a one-story house which was located approximately two blocks south of the railroad tracks. This house was located approximately five or six houses from a place where the defendant had previously resided in Warrensburg at 202 Ming Street. The Loveall house faced north on Ming Street and the bedroom windows faced south on a porch on the south of the premises. Mrs. Loveall stated that she had been ill that evening and uncomfortable as a result of her pregnancy, and because of this discomfort, she was sitting up on the bed. She heard a noise like a venetian blind moving in the bedroom where she was resting on the bed with its head to the windows opening onto the porch on the south. It sounded like the bed had bumped the venetian blinds. When the noise was repeated, Mrs. Loveall yanked the blind to the very top. The window was up, and a man was standing outside the window. The man was just outside the window, and the light was shining from the window where the witness was and the next window also.

"He had himself exposed and his privates in his hand and he was playing with himself."

The witness told the man to leave once or twice and said she would get a knife. The man responded by saying: "Wait just a minute," and pointed to himself. At that time the witness was facing south and the man was at the corner of the window, angling toward the witness, Mrs. Loveall. She had a clear view of his face.

Mrs. Loveall positively identified the defendant as being the man in the window on that occasion and had no doubt as to the identification. She stated that the defendant stayed on the porch for approximately a minute and described him as having dark hair, a dark complexion and wearing a light jacket.

Mrs. Loveall was subsequently, on February 19 of the same year taken to view the defendant whom she then identified as the person she had seen on her back porch on the evening of January 5.

The defendant testified in his own behalf and denied that he had exposed himself in the presence of Mrs. Loveall. He also introduced evidence of his previous good character.

■ Defendant's first contention is that the information charges the offense occurred on the 4th day of January, 1962, and the proof elicited from the witness was respecting an occurrence in the early morning hours of January 5th, that, without amendment, this constitutes such a variance as to amount to prejudicial error.

A case very similar to the case at bar is State v. Lakin, Mo., 177 S.W.2d 500. In that case the State alleged the commission of the offense on or about the 16th day of May, 1942, and the proof affirmatively showed that the offense occurred on May 17th in the early morning hours. The court denied appellant's contentions respecting error in the admission of evidence concerning the offense occurring on the morning of May 17th and cited many cases concerning the fact that time was not of the essence of the offense. There are many cases which hold that the State is not confined to the dates alleged in the information but may prove the commission of the offense on any date within the period of limitation. State v. Lee, 228 Mo. 480, 128 S.W. 987; State v. Gebhardt, 219 Mo. 708, 119 S.W. 350. The contention lacks merit.

■ Defendant next contends that the State did not make a submissible case. Defendant was charged under Section 563.150, V.A.M.S. which provides as follows:

"Every person * * * who shall be guilty * * * of any open and notorious act of public indecency, grossly scandalous, shall, on conviction, be adjudged guilty of a misdemeanor."

Defendant argues that the offense must be committed in a public place before a conviction can be sustained under this statute. The cases cited by the defendant would, at first blush, appear to sustain this position, but in many of the cases cited by the defendant, the open and notorious act of public indecency was committed between two consenting parties, neither of whom was a complainant, and the question of whether or not the act was an act of public indecency turned on the question of other persons having seen the acts complained of.

A case decided by the St. Louis Court of Appeals, State v. Granger, 199 S.W.2d 896, squarely answers the defendant's contention in this respect. In that case the defendant was charged under Section 4653 of the Revised Statutes of 1939, which is identical with Section 563.150. The facts in that case were that the defendant inserted an advertisement in a newspaper requesting help wanted, women, with a guaranteed remuneration. Two young women answered the advertisement and, without detailing the facts of the exact indecent behavior, the defendant took both of the young ladies into a room, and at various times only one of them was present during the alleged inde-

cent acts. The court on the basis of that testimony, affirmed the judgment of conviction and said at l. c. 899 of 199 S.W.2d:

"The law requires that the information charge and the proof show that the indecent act was open and public. However, the proof of openness and publicity is met by testimony that the act was committed in the actual presence of, or in such close proximity to, another person so that it may be known what is being done by the use of the ordinary senses. State v. Parker, 233 Mo.App. 1037, 128 S.W.2d 288. A single act of lewdness or indecent behavior is sufficient to constitute the offense here charged, provided it be 'open and notorious,' that is, committed in the presence of another person or in a public place. State v. Pedigo, 190 Mo.App. 293, 176 S.W. 556."

It is interesting to note that in the case last cited, the information was very similar to the information in the instant case and required a finding, as do the information and the instruction in the instant case, that the act was one of public indecency, grossly scandalous. Upon the facts of the case here, it is difficult for one to see how the acts related by the witness, Mrs. Loveall, were not within the ruling of the Granger case. We rule the point against the defendant.

As a part of its case in chief the State called to the stand a Mrs. Niekrenz who testified that on the night of December 15, 1961, the defendant committed a similar offense in her presence. It is to be noted that this was twenty days before the time alleged in the information. The State seeks to justify the admission of the testimony of Mrs. Niekrenz under the holding of our Supreme Court in the case of State v. Kornegger, 368 Mo. 968, 255 S.W.2d 765. That case is distinguishable from the instant case. There the evidence admitted related to an "identical offense" on a different date "with the identical little seven year old girl."

We are of the opinion that the testimony of Mrs. Niekrenz was inadmissible. We reach this conclusion by reason of the holding of the Supreme Court in the later case of State v. Atkinson, 293 S.W.2d 941. In that case the State offered the evidence of two boys that the defendant had sodomitic relations with them. We quote the following from the opinion.

"It is a well-established general rule that evidence is not admissible to show that the defendant is guilty of the commission of other independent crimes, either as foundation for a separate punishment, or as aiding the proof that he is guilty of the one charged, and this is true even though they are of the same nature as the one charged in the indictment. State v. Spinks, 344 Mo. 105, 125 S.W.2d 60; State v. Bowman, 272 Mo. 491, 199 S.W. 161. There are, however, a number of exceptions to this general rule. 'Evidence of other crimes is always admissible when such evidence tends directly to establish the particular crime, and it is usually competent to prove the motive, the intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others, or the identity of the person charged with the commission of the crime on trial.' 20 Am.Jur., Evidence, Section 310, page 289.

"Actually, the contention here presented by defendant has already been ruled favorably to him by this court in a companion case against this same defendant, which was decided after the trial of the instant case. State v. Atkinson, Mo.Sup., 285 S.W.2d 563.

\* \* \* \* \* \*

"In the case now under review the learned Attorney General requests that we reexamine the ruling in the Atkinson case, supra, in the light of certain arguments that were not advanced by

the State in that case. In the instant case it is said that the facts call for the application of a recognized exception to the rule under consideration, i. e., that the evidence in question would tend to show that the defendant committed the crime with which he is charged. Respondent points to the fact that the evidence indicates that defendant followed substantially the same pattern in his dealings with each of these three boys.

\* \* \* \* \* \*

"Essentially, as we understand respondent's argument, it is sought, on the issue before us, to distinguish the instant case from other criminal cases because of the nature of the crime of sodomy. This theory is well stated in respondent's brief as follows: 'So strange and unusual are the acts of homosexuality, so far outside the ordinary pattern of male conduct, that a man who is proven to have committed the act with one or more persons would certainly be deemed to be much more likely to have committed the act with yet another person, and so proof of the act with persons other than the prosecuting witness would certainly tend to prove that the act was committed between the defendant and the prosecuting witness.'

"Upon first consideration there would appear to be some merit in this argument. However, it would seem that the same reasoning applies when the exclusionary rule is considered in connection with other types of crimes. Moreover, the weight of authority does not support this contention. 'Where sodomy is the crime charged, evidence \* \* \* that accused committed the same offense, or had improper relations with a person *other* than the one named in the indictment, is a rule held to be inadmissible \* \* \*.' (Citing many authorities)

"Furthermore, in considering this question, it should be noted that to admit proof of crimes other than the one with which the accused is charged would require him to defend any number of charges about which the indictment gives him no information. Such proof, especially as to crimes such as sodomy, would also be likely to have a decidedly prejudicial effect upon the jury. In this connection it may be noted that we have heretofore held that in cases involving statutory rape, it is reversible error to admit proof that the defendant had committed the same crime with a person other than the prosecuting witness. State v. Bowman, supra.

"A consideration of the foregoing has caused us to conclude that our safest and most prudent course, in accordance with principles of justice and fairness, is to follow the weight of authority, as indicated by the cases heretofore cited, and adhere to the ruling in the Atkinson case, supra, thus refusing to extend the number and scope of exceptions to the general exclusionary rule so as to include the proof admitted in this case."

In the prior Atkinson case appears this significant language, 285 S.W.2d l. c. 567: "Indeed the state tacitly concedes that even in sex offense cases (where the rule has been greatly relaxed under the guise of exceptions) *proof of the commission of another such offense with a person other than the prosecuting witness is generally inadmissible*. Annotation 167 A.L.R 565–628." (Emphasis ours) See, also 22A C.J.S. Crimnal Law § 691(35), pages 883, 884.

In fairness to the able trial judge before whom this case was heard it should be stated that this point was not properly raised, or preserved by defendant's *then* attorney. However, we have reached the conclusion that it was plain error affecting the substantial rights of defendant and, in

the exercise of our discretion, we have considered it. Rules of Criminal Procedure, 27.20(c).

Defendant also contends that certain testimony of the prosecuting witness was immaterial and incompetent. However, the question need not be discussed as it will not likely arise again on retrial.

The judgment is reversed and the cause remanded.

All concur.