**STATE of Missouri, Respondent,**

**v.**

**Jon E. HOLMES, Defendant/Appellant.**

**Jon E. HOLMES, Movant/Appellant,**

**v.**

**STATE of Missouri, Respondent.**

Nos. 58270, 60446.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 7, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
May 6, 1992.

Application to Transfer Denied
June 30, 1992.

---

Henry B. Robertson, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robin H. Grissom, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Judge.

In this jury-tried case, appellant, Jon E. Holmes, appeals his conviction of receiving stolen property having a value of at least $150, a class C felony. Section 570.080 RSMo 1986. Appellant was sentenced as a prior and persistent offender to fifteen years' imprisonment to be served consecutively with previous sentences. We have consolidated appellant's direct appeal with his appeal from the denial without an evidentiary hearing of his Rule 29.15 motion for post-conviction relief. We affirm the judgments of the trial court and the motion court.

University City police arrested appellant on September 9, 1988, for an assault committed in the City of St. Louis. During an inventory search of appellant the police found a pawn ticket in appellant's wallet. Appellant told the police the ticket was for a gold nugget ring his girl friend had given him three months earlier.

Upon presenting the ticket to Stan's Loan and Jewelry Company, the police learned the ticket was for a Yale University 1983 class ring pawned for $50 on September 8, 1988. An employee at the pawn shop identified appellant as the person who had pawned the ring. The initials of the ring's owner were engraved on the ring, which had been stolen during a burglary of the owner's University City apartment on September 1, 1988.

■ In his first point on direct appeal, appellant alleges the trial court erred in denying his motion for judgment of acquittal at the close of the entire case, because there was insufficient evidence to establish the victim's property had a market value of at least $150. "Value," as used in § 570.-080.3, is "the market value of the property

at the time and place of the crime, . . . ." § 570.020(1) RSMo 1986. The ring's owner testified he purchased the ring in 1983 for $200 to $250.

Appellant relies on New York case law which provides the amount the owner paid for an item is insufficient to establish the item's value in a prosecution for the felony degree of larceny. *See People v. Desir*, 124 A.D.2d 742, 508 N.Y.S.2d 478 (1986). Appellant's reliance is misplaced. Under Missouri law, purchase price and age are sufficient by themselves to establish value under § 570.020. *State v. Napper*, 381 S.W.2d 789 (Mo.1964); *State v. Williams*, 643 S.W.2d 3, 5 (Mo.App.1982). Because the ring was introduced into evidence, it was available for the jury to examine and to determine its condition. There was sufficient evidence to establish the ring's value was at least $150. Point one is denied.

Appellant alleges in his second point that the trial court erred in overruling his motion in limine and in allowing the state to introduce and repeat evidence of appellant's arrest for an unrelated crime. Appellant contends the evidence "was probably used as substantive evidence of guilt. . . ."

Defense counsel filed a motion in limine, requesting the state be required to instruct its witnesses not to mention other crimes during trial. The trial court reserved its ruling on the motion until trial.

During opening statement, the prosecutor referred to appellant being arrested and booked on an "unrelated charge." The arresting officer stated on direct examination that he had arrested appellant on "an unrelated fugitive charge." Another officer testified he determined appellant was a "wanted person." During his closing argument, the prosecutor referred to the arresting officer's testimony that appellant was arrested "on an unrelated charge."

Defense counsel raised no objection to the officers' testimony or the prosecutor's statements. Further, trial counsel did not raise the issue in appellant's motion for new trial. Since the issue was not properly preserved, our review is limited to determining if the references to the unrelated charge constituted plain error. Rule 30.20.

To succeed on a claim of plain error, appellant "must make a strong showing that the alleged error affected substantial trial rights and amounted to manifest injustice." *State v. Bolen*, 731 S.W.2d 453, 461 (Mo.App.1987). "[E]vidence of other crimes is admissible only where it has a legitimate tendency to establish that defendant is guilty of the immediate crime charged." *State v. Trimble*, 638 S.W.2d 726, 732 (Mo. banc 1982). "[R]elevance, not prejudice, is the touchstone of due process. . . ." *Id.* Whether the probative value of a piece of evidence outweighs its prejudicial effect, rests within the discretion of the trial court. *Id.*

Appellant relies on *State v. Negron*, 374 S.W.2d 622 (Mo.App.1963) where plain error affecting the defendant's substantial rights was found to have resulted when the state's witness was allowed to testify the defendant committed a *similar* offense in her presence prior to the commission of the charged crime. *Id.* at 624–5. In contrast, the evidence before the jury in the present case was that defendant was arrested on an unrelated fugitive charge. The state did not reveal the nature of that unrelated charge. Although the word "fugitive" may carry negative connotations and could easily have been omitted, the state made no reference to a similar crime. *Negron* is not controlling.

Moreover, evidence of appellant's guilt was strong. The burglary and theft of the ring occurred on September 1, 1988. Appellant pawned the ring on September 8, 1988. When appellant was arrested the following day, he gave a false name to the police and a false explanation of the pawn ticket. It would have been nearly impossible to explain the circumstances under which the pawn ticket was found without indirectly informing the jury that appellant was under arrest on an unrelated charge. *See State v. Hampton*, 648 S.W.2d 162, 166 (Mo.App.1983). Thus, under the facts and circumstances of this case, the references to the unrelated charge did not prejudice

appellant, result in manifest injustice, or result in a miscarriage of justice.

■ Appellant also claims under point two that the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing, because trial counsel's failure to object to the evidence or preserve the point for review constituted ineffective assistance of counsel.

Our review of a 29.15 motion "shall be limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous." *Norfolk v. State*, 783 S.W.2d 439, 440 (Mo.App.1990); Rule 29.15(j). Under Rule 29.15(g), "no evidentiary hearing is required if the files and record of the case conclusively demonstrate that appellant is entitled to no relief." *State v. Fitzgerald*, 781 S.W.2d 174, 188 (Mo.App.1989). "Further, an evidentiary hearing is warranted only if: (1) the Rule 29.15 motion alleges *facts*, not conclusions, warranting relief; (2) the facts alleged raise matters unrefuted by the files and record of the case; and (3) the matters complained of resulted in prejudice to appellant's defense." *Id.*

In his amended motion, appellant asserted he was prejudiced by trial counsel's failure to object to the evidence, "because this might have had a decisive, adverse impact on the jury's determination of the crucial issue, whether movant knew the pawned ring had been stolen." In its findings of fact, conclusions of law, and judgment, the motion court stated appellant failed "to plead specific facts not refuted by the record, as opposed to mere speculation or conclusions, which show he was prejudiced by the admission of testimony concerning his arrest." The motion court's finding is not clearly erroneous. Point two is denied.

In his final point, appellant contends the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing, because he sufficiently alleged facts showing three instances of ineffective assistance of counsel.

■ First, appellant asserts trial counsel was ineffective in failing to challenge venireperson Corkery for cause. In his amended motion, appellant alleged he was denied effective assistance of counsel because, *inter alia*, trial counsel: "failed to challenge for cause venireman Corkery who, having worked for the Circuit Attorney and the Department of Justice, said it would be 'difficult but not impossible' to be fair to movant. [Citation to transcript omitted.] He was at best equivocal about his impartiality and was therefore disqualified. Counsel used a peremptory strike rather than a challenge for cause to remove venireman Corkery, thereby denying movant a full panel of qualified jurors."

After reviewing the transcript of the voir dire, the motion court found, "It is clear from venireman Corkery's answers that he was willing and able to follow the court's instructions. He did not make any statements which indicate he was not so capable. Moreover, even the presence on a jury of persons who should have been disqualified because of potential prejudice is not cognizable in a post-conviction proceeding, *Selman v. State*, 454 S.W.2d 530, 532 (Mo. 1970); *Davis v. State*, 600 S.W.2d 613, 614 (Mo.App.1980), and therefore this claim is not cognizable." Our review of a 29.15 motion "shall be limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous." *Norfolk*, 783 S.W.2d at 440; Rule 29.15(j).

■ The motion court clearly erred in concluding appellant's claim was not cognizable in the Rule 29.15 proceeding. Where a movant seeks relief on the ground that he or she was not given a full panel of qualified jurors prior to making peremptory challenges and was thereby denied the right to trial by a fair and impartial jury, such a claim "cannot be raised in post-conviction proceedings unless the movant has no knowledge of the improper process until after trial." *Forshee v. State*, 763 S.W.2d 352, 354 (Mo.App.1988). It is apparent, however, a claim that counsel was ineffective in using a peremptory challenge to remove a venireperson rather than challenging that venireperson for cause is cognizable in a post-conviction proceeding. *Id.* at 354–55.

Appellant's claim regarding jury selection alleged ineffective assistance of counsel, not merely denial of trial by a fair and impartial jury. Thus, the matter was cognizable under Rule 29.15.

Appellant, however, was not entitled to an evidentiary hearing. Although the motion court concluded the matter was not cognizable, it nevertheless considered appellant's claim, reviewed the record, and found venireperson Corkery sufficiently indicated his willingness and ability to follow the court's instructions. That finding is not clearly erroneous.

During voir dire, venireperson Corkery stated he was currently employed by the Department of Justice and had previously worked for the police department and circuit attorney's office. Defense counsel asked venireperson Corkery, "Do you think you could set aside your feelings with police officers and hold them to the same standard as any other witness?" Venireperson Corkery replied, "Yes." Venireperson Corkery also indicated he thought it was possible for a police officer to lie on the stand and to make a mistake. With regard to his prior association with the circuit attorney's office, venireperson Corkery stated his acquaintances with another venireperson and circuit attorney Peach would not color his decision making. Defense counsel asked venireperson Corkery, "Mr. Corkery, I would like to ask you that question about the presumption of innocence. If the State did not bring any evidence in and you had to vote right now, how would you vote?" Venireperson Corkery responded, "Not guilty."

"An affiliation or connection with law enforcement is, standing alone, not reason enough to sustain a challenge for cause." *State v. Wraggs*, 512 S.W.2d 257, 258 (Mo. App.1974). "Consideration of the qualifications of a venireman involves a factual determination made only after noting the questions and answers elicited on voir dire and observing the demeanor of the prospective juror." *Id.* at 259. The record sufficiently indicates Mr. Corkery could be fair and impartial. *See Forshee*, 763 S.W.2d at 355.

Further, appellant has failed to sufficiently allege he was prejudiced by trial counsel's failure to strike venireperson Corkery for cause. Appellant cites *Presley v. State*, 750 S.W.2d 602 (Mo.App.1988), to support his contention that his motion "stated a prima facie case of ineffective assistance of counsel entitling him to a hearing." *Presley*, however, does not support appellant's position. Unlike the venireperson in *Presley*, venireperson Corkery did not serve on the jury at appellant's trial. Moreover, appellant's assertion that trial counsel's action denied him "a full panel of qualified jurors" is a mere conclusion and does not allege the facts required to warrant an evidentiary hearing. *See Fitzgerald*, 781 S.W.2d at 188. Appellant did not allege in his motion that he would have removed any other venireperson from the panel with the peremptory strike defense counsel used to remove venireperson Corkery. Accordingly, the files and record of the case conclusively show appellant is not entitled to relief on this claim of ineffective assistance of counsel.

■ Appellant next contends he was denied effective assistance of counsel, because defense counsel failed to fully and fairly litigate motions to suppress the pawn ticket and statement appellant gave to police "as products of an illegal arrest" where the record does not show probable cause. The record clearly refutes this allegation. The pawn ticket and appellant's statement were the product of a lawful arrest based upon an outstanding warrant.

■ Finally, appellant alleges trial counsel's failure to inform of the range of punishment amounts to ineffective assistance of counsel. Appellant argues that the "decision to plead guilty or go to trial is ultimately the client's not the attorney's." The motion court found appellant "makes no allegation as to the terms of a plea bargain, if any, that was offered to him. As such [appellant] fails to allege any prejudice that may have occurred as a result of the alleged error on the part of counsel." This finding is supported by the record.

Point three is denied.

The judgments of the trial court and motion court are affirmed.

SMITH, J., concurs.

KAROHL, J., concurs in part and dissents in part in separate opinion.

KAROHL, Judge, dissenting.

I concur in affirming the conviction and in the majority opinion regarding Rule 29.15 post conviction relief in all respects except the denial of an evidentiary hearing on the issue of ineffective assistance of counsel for failure to challenge a biased venireperson for cause.

Venireperson Corkery's long employment history included several law enforcement agencies. He worked for a police department prior to working for the City of St. Louis Circuit Attorney's Office. At the time of trial, Corkery was employed by the Department of Justice. He candidly acknowledged his employment history "might make it difficult but not impossible" to be fair to defendant. Corkery was not asked whether he would have any difficulty in being fair to the state. The nature of the "difficulty" was not explored during voir dire in a rehabilitative posture. This answer distinguishes the present case from the holding in *State v. Wraggs*, 512 S.W.2d 257, 258 (Mo.App.1974) where the court rejected an argument employment *standing alone* was reason enough to sustain a challenge for cause. In the present case we have a highly suspect employment and an admission that the employment history would make it difficult to give defendant a fair trial. These facts would support a finding defense counsel failed to exercise the customary skill and diligence a reasonably competent attorney would perform under similar circumstances. All that remains is a requirement that defendant satisfy his burden to prove prejudice. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

By its broadest intendment, defendant alleged he was denied effective assistance of counsel because his defense attorney failed to challenge a biased venireperson for cause and was forced to waste a preemptory challenge. Proof of these facts is not sufficient to prove prejudice in a case where the biased venireperson does not serve on the jury. *Forshee v. State*, 763 S.W.2d 352, 355 (Mo.App.1988). If the biased venireperson remains unchallenged and serves on the jury then prejudice is presumed. *Presley v. State*, 750 S.W.2d 602, 607 (Mo.App.1988). In the present case the biased venireperson was not a member of the jury. Hence, a very heavy burden remains upon defendant to prove prejudice. *Sanders*, 738 S.W.2d at 857.

"It is a well established rule in Missouri that a defendant in a criminal case has the right to a full panel of qualified jurors before he is required to make his preemptory challenges (citations omitted), and if he is required to exercise one of his preemptory challenges where a prospective juror should have been stricken for cause, the judgment of the trial court is to be reversed and the cause remanded for a new trial." *State v. Wraggs*, 512 S.W.2d at 258. The court in *Forshee* recognized the general rule. However, in reviewing and affirming denial of post conviction relief after an evidentiary hearing, the court found this rule not applicable because *Wraggs* involved a venireperson whose " 'affiliation or connection with law enforcement is, standing alone, not reason enough to sustain a challenge for cause.' " (citation omitted). *Forshee*, 763 S.W.2d at 355. Here, venireperson Corkery was not merely an employee of the Department of Justice, a former employee of the Prosecuting Circuit Attorney and a former police officer, he acknowledged his employment history would make it difficult for him to give the defendant a fair trial. The rationale employed in *Forshee* to distinguish the rule recognized in *Wraggs* does not apply to the present circumstances.

But was defendant prejudiced by the failure of trial counsel to challenge venireperson Corkery for cause? In the absence of an evidentiary hearing there is no basis to answer that question. All that is certain is defendant will never have an opportunity to prove prejudice from denial of a full panel of qualified jurors because his attor-

ney failed to make a motion to strike for cause where it is reasonably probable the motion would have been sustained.

The motion court concluded the Rule 29.15 issue was not properly before it and, therefore, the court lacked subject matter jurisdiction. Accordingly, it did not consider sufficiency of pleading or whether there was prejudice, more particularly whether the record forecloses a finding of prejudice. The majority opinion depends on matters never considered by the parties or the trial court. In this civil proceeding these are matters for the trial court.

The conviction on the charge is important, but a fair trial is also important. Allowing venireperson Corkery to remain on the venire panel without a challenge for cause would seem to fall well below the exercise of the customary skill and diligence of a reasonably competent attorney. The result of the failure was to deny defendant a constitutional right to a full panel of qualified jurors before exercise of preemptory challenges. On these facts defendant is entitled to an opportunity to prove prejudice at an evidentiary hearing.