STATE of Missouri, Respondent,

v.

John JONES, Appellant.

John JONES, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 66044, 68064.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 27, 1996.

Raymund J. Capelovitch, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Appellant, John Jones, was tried by a jury and convicted on a charge of distribution of a controlled substance in violation of § 195.211 RSMo Cum.Supp.1992. He was sentenced as a class X offender to serve a term of twenty years imprisonment. He also appeals denial of Rule 29.15 post conviction relief without an evidentiary hearing. The only argument briefed and presented involves the denial of post conviction relief. The direct appeal has been abandoned. The judgment and sentence of the court is affirmed. We also affirm the denial of post conviction relief without an evidentiary hearing.

In a novel argument, Jones contends his trial counsel was ineffective because he: (1) intentionally failed to preserve the issue of an "unqualified" juror sitting on the jury panel; and, (2) wasted a "valuable preemptory strike" on the juror which the trial court erroneously refused to remove for cause. He asserts the venireperson was "unqualified" because he knew, from high school, a SCAT police officer whom the state never called as a witness. Jones' argument assumes the trial court's refusal to remove the juror could or al court's refusal to remove the juror could or

would have insured an automatic new trial in the event of a guilty verdict. The contention is wrong.

The transcript furnished for direct appeal supports the decision of the trial court in rejecting defendant's challenge of the venireperson for cause. The venireperson testified he thought he might know, from high school, a SCAT police officer. The venireperson was not certain whether the officer was the same person he knew, but he "would know when [he] saw him." The officer was never called as a witness in the state's case. Despite his previous acquaintance with an officer, the venireperson said several times he could be "fair and impartial" in the case. Defense counsel requested the venireperson be stricken for cause. The trial court denied the request. Defense counsel then used a preemptory strike to remove the juror.

We review in accord with Rule 29.15(j). To establish ineffective assistance of counsel, movant must show: (1) counsel's performance was unreasonable under the prevailing professional standards; and (2) movant was thereby prejudiced. *State v. Thompson*, 835 S.W.2d 394, 400 (Mo.App. E.D.1992). To be entitled to an evidentiary hearing, movant must: (1) plead facts, not conclusions warranting relief; (2) show the facts are not refuted by the record; and, (3) demonstrate prejudice. *State v. Fraction*, 782 S.W.2d 764, 769 (Mo.App.1989).

In *State v. Hudson*, 822 S.W.2d 477 (Mo.App.1991), defense counsel was not found ineffective for failing to exercise peremptory challenges against jurors who indicated on voir dire they knew one of the state's witnesses. *Hudson*, 822 S.W.2d at 482–483. The reverse must be true here. Defense counsel could not possibly be ineffective for using a preemptory strike on a juror who might know a state's witness. Counsel's removal of the juror was a matter of reasonable trial strategy. Trial strategy is not a ground for a claim of ineffective assistance of counsel. *State v. Parker*, 886 S.W.2d 908, 929 (Mo. banc 1994).

Further, Jones failed to allege how he was prejudiced from the use of a peremptory strike of the venireperson which the trial court refused to remove for cause. He did

not allege facts to support his counsel wasted a "valuable preemptory strike," or prove that the alternative use of the strike could have been used on some other venireperson, thus, changing the outcome of the trial. In fact, Jones' amended motion does not allege the nature of the challenge for cause or a factual basis to conclude the challenge had merit. Nor did Jones allege the trial court's ruling denying the challenge for cause was legal error. In the brief, the point on appeal does not allege wherein and why rejection of the motion to dismiss the venireperson for cause was error. Failure to adequately preserve an issue for appeal is not cognizable under Rule 29.15. *See State v. Lay,* 896 S.W.2d 693, 702 (Mo.App.W.D.1995).

We conclude: (1) the motion was insufficient for failure to allege facts which would support granting relief; (2) the premise that the trial court erred in denying a challenge for cause is disproven by the record; there was no error to preserve; and, (3) failure to preserve an issue for appeal is not cognizable under Rule 29.15. *Lay,* 896 S.W.2d at 702.

The decision of the motion court to deny relief without an evidentiary hearing is not clearly erroneous. Thus, a hearing was not required. *Thompson,* 835 S.W.2d at 400.

We affirm.

REINHARD, P.J., and CRANDALL, J., concur.