**STATE of Missouri, Plaintiff–Respondent,**

v.

**John Wes SELVY, Defendant–Appellant.**

**John Wes SELVY, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 19649, 20192.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 19, 1996.

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David G. Brown, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

John Wes Selvy[1] (defendant) was convicted following a jury trial of murder in the second degree, § 565.021.1(1),[2] a lesser included offense of murder in the first degree[3] with which he was originally charged, and armed criminal action, § 571.015.1. After conviction and incarceration, defendant filed a motion for post-conviction relief pursuant to Rule 29.15 that was denied without an evidentiary hearing.

Defendant appeals the criminal convictions (No. 19649) and the order denying his Rule

29.15 motion (No. 20192). The appeals have been consolidated as required by Rule 29.15(l) as it existed on the date the post-conviction motion was filed. *See* Rule 29.15(m).

Defendant contends in No. 19649 that the trial court erred in overruling his trial attorney's objection to the state's question, in cross-examining defendant, about whether defendant was "high on cocaine" when the shooting with which he was charged occurred. Likewise, he contends the trial court erred in allowing the state to present rebuttal evidence that urinalysis following defendant's arrest revealed he had used cocaine. Defendant also claims the trial court erred in denying a motion to dismiss the criminal charges because they occurred before he was 17 years old, and he was denied due process of law and effective assistance of counsel in a certification proceeding in juvenile court.

Defendant contends in No. 20192 that the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing because his pleadings alleged facts that, if proven, would have shown he received ineffective assistance of counsel in his criminal case. He argues that his trial attorney was ineffective because the attorney did not move during voir dire to strike a prospective juror for cause who could not be fair to him.

This court affirms the judgment in the criminal case and the order denying the Rule 29.15 motion.

### No. 19649

On August 10, 1993, defendant was 16 years old. His girlfriend, Shekelia Johnson, was at his house. She, defendant and Jennifer DeBerry were in a bedroom in the basement of the house. Defendant was holding a handgun. Another handgun was lying on the bed.

Randy Brown, another friend, came in the room and said he was hungry. Jennifer asked if he would like for her to go to the

---

1. Defendant's name is sometimes spelled "Selvy" and sometimes "Selvey" in the record on appeal. This opinion uses the spelling that appears in the information filed in circuit court.

2. References to statutes are to RSMo 1986 unless stated otherwise.

3. *See* § 565.025.

store for him. He told her he would and gave her five dollars to get food. Jennifer left. As she was leaving she met some other girls who went with her to get Randy's food.

Shekelia and defendant left the basement to go for a walk. A short time later, Deborah Osborne saw them arguing in a nearby alley.

Later, Jennifer and the girls who had gone to the store with her found Shekelia lying in the alley. Shekelia had been shot. Lewis Curry, Nicole Gaskill and others came to where Shekelia was lying. Lewis and Nicole heard Shekelia say, "Wesley shot me." She later died.

Defendant testified at trial. Point I is directed to the state's cross-examination of him and to rebuttal evidence that was directed to his testimony. Defendant testified that Shekelia shot herself; that she told him, "Wes, I love you. I kill myself over you. I seen you talking to Tonya."

On cross-examination the prosecutor asked defendant if he was describing his version of what he saw and perceived while he was in the alley. Defendant answered, "Yes, I was the only one there." The prosecutor then asked defendant if he was "high on cocaine" at the time. He answered, "No, sir." He was asked if he had used cocaine within the four days immediately before the shooting. He denied using cocaine during that time. The state presented rebuttal evidence that included test results from a urinalysis showing defendant had used cocaine within the four days before the shooting.

■ In Point I, defendant contends the trial court erred in overruling his objection to questions asked on cross-examination concerning cocaine use and in allowing the rebuttal evidence "because this evidence was totally irrelevant to the issues before the jury and did not tend to show motive, intent, absence of mistake or accident, a common plan, or identity." He contends the prejudicial effect of the evidence outweighed its probative value.

"Whether evidence is relevant and whether its probative value outweighs its inflammatory and prejudicial dangers are for the trial court to decide, and its decision will not be disturbed unless its discretion is abused." *State v. Ray*, 637 S.W.2d 708, 709 (Mo. banc 1982).

■ A defendant who elects to testify in his own behalf is subject to contradiction and impeachment the same as any other witness. *State v. Moss*, 700 S.W.2d 501, 505 (Mo.App. 1985). The scope of permissible cross-examination is dependent on the facts and background of the particular case. *Id.*

Defendant was asked if the testimony he gave was based on his perceptions at the time Shekelia was shot. He answered that it was, that he was the only one there. The accuracy of defendant's recount of events was dependent on his ability, at the time Shekelia was killed, to perceive what occurred.

> A witness' abnormality is a standard ground for impeachment and one form of abnormality is that which exists when one is under the influence of drugs or drink. If a witness is "under the influence" at the time of the occurrence or at the time he testifies, this condition is provable, on cross or by extrinsic evidence, to impeach. McCormick, Law of Evidence § 45 (2d Ed.1972).

*State v. Myers*, 538 S.W.2d 892, 897–98 (Mo. App.1976).

In this case, as disclosed by rebuttal evidence, the prosecuting attorney had a basis for believing defendant used cocaine within such time prior to when Shekelia was shot to affect his perception of what occurred. Under these circumstances, the trial court did not abuse its discretion in permitting the prosecuting attorney to ask defendant if he had used cocaine and, upon his denying its use, to present rebuttal evidence that he had. Point I is denied.

■ Point II is directed to juvenile proceedings that occurred prior to the filing of criminal charges against defendant. Because defendant was less than 17 years old at the time he was alleged to have violated criminal statutes, his case was originally before the juvenile division of the Circuit Court of Cape Girardeau County. *See* § 211.031.1(3), RSMo Supp.1992. That court entered an

order August 16, 1993, dismissing the juvenile court petition, thereby permitting defendant to be prosecuted under the general law as permitted by § 211.071, RSMo Supp.1992.

After preliminary hearing and filing of charges, defendant moved to dismiss the information and remand the case for further proceedings in juvenile court. He contended the certification proceedings in juvenile court were invalid because he was denied a continuance by the juvenile court; that he was denied due process of law. The trial court denied the motion.

Point II contends the trial court erred in denying defendant's motion to dismiss the information and remand the case to juvenile court. It claims defendant was denied due process of law and effective assistance of counsel because the juvenile court did not grant a request to continue the certification hearing.[4]

Defendant points to §§ 211.211.1 and .5, RSMo Supp.1992, and Rule 116.01.a and .e which provide that a juvenile is entitled to representation by counsel in all proceedings and that counsel shall be allowed a reasonable time to prepare to represent a client in a juvenile proceeding. He argues that he was denied effective assistance of counsel because his attorney was not allowed a reasonable time to prepare to represent him in the certification hearing; that this resulted in his being denied due process of law in that proceeding.

The legal file in No. 19649 includes a copy of the order of the juvenile court that dismissed the juvenile proceedings and permitted defendant to be prosecuted under the general law. It does not include copies of other pleadings from the juvenile court file. However, a supplemental legal file contains a copy of the transcript of the certification hearing.

From statements made at the certification hearing, it appears defendant was taken into custody August 10, 1993. An attorney was appointed to represent him in juvenile court August 12, the date a petition was filed alleging he committed acts that would constitute the offense of murder if committed by an adult.

Defendant appeared in juvenile court with his appointed counsel Friday, August 13. An amended petition was filed that date. It added the allegation that defendant's acts amounted to conduct that would be armed criminal action under the general law. The certification hearing was originally scheduled to be held Friday, August 13. A written motion for continuance was filed that day. The motion was granted and the hearing was rescheduled for August 16.

The transcript also reveals that on August 13, defendant moved to disqualify the judge who was assigned to hear the juvenile case. The motion was granted.

The certification hearing was held August 16 before a different judge. Defendant asked the newly assigned judge to grant a further continuance (although no new motion was filed). Defendant's attorney told the juvenile court judge that defendant wanted time to subpoena a witness who resided in Arkansas, defendant's uncle. The attorney told the court that defendant's uncle would "testify about pre-placement of the juvenile." He stated the belief that this "might be one of the issues of certification." The attorney told the court, "If the juvenile is released after he is twenty-one, which is after he is taken into the juvenile system, many times the question of certification is the Court's satisfaction he might go back to the place he was before."

The juvenile court judge declined to grant further continuance. The certification hearing was held.

After evidence was presented at the certification hearing on behalf of the juvenile officer, defendant's attorney was asked if evidence would be offered on behalf of defendant. Defendant's attorney responded, "No, sir, but, for the record, I would like to restate the defense had hoped to have Rev. James Selvy, who resides in Arkansas, here to testify on behalf of my client. Because of time constraints, we have been unable to have him here."

---

4. Defendant's trial court motion did not assert that he was denied effective assistance of counsel at the certification hearing. Defendant requests this court to review that issue for plain error.

The court asked, "Do you want to make an offer of proof as to the nature of his testimony?" Defendant's attorney answered, "Judge, as I stated before, the nature of his testimony concerns possible placement the juvenile might have, once he is finally released from the juvenile authorities, if he is to stay in Juvenile Court. I believe that testimony of the juvenile officer indicated that is one of the concerns the Juvenile Office looks into."

The juvenile court's certification order was filed later that day. It recites findings on which the juvenile court based its decision to transfer jurisdiction as required by § 211.071.7, RSMo Supp.1992, and Rule 118.04.d.

The issue presented in considering whether the trial court erred in denying defendant's motion to dismiss the information and remand the case to juvenile court is whether the juvenile court abused its discretion, in the totality of the circumstances, by certifying defendant's case for disposition under general law. *State v. Seidel*, 764 S.W.2d 517, 518 (Mo.App.1989).

Defendant's argument that the juvenile court should have granted a further continuance of the certification hearing is two-fold. Defendant argues that further continuance should have been granted to permit him to secure the presence of James Selvy as a witness. He also claims that if there had been additional time, his attorney in juvenile court would have secured a psychological examination of him.

■ A trial court abuses its discretion in denying a motion for continuance only if the defendant is prejudiced by the denial. *State v. Chambers*, 891 S.W.2d 93, 100–01 (Mo. banc 1994).

Other than statements made by the attorney who represented defendant at his certification hearing concerning the purpose for which he intended to call James Selvy as a witness, the record on appeal is silent as to what Mr. Selvy's testimony would have been. The record on appeal is also silent with respect to what a psychological examination would have likely disclosed.

Although the brief time between when the juvenile court petition and the motion for certification were filed and when the certification hearing was held could, under different facts, be troubling, this court finds no abuse of discretion by the juvenile court considering the totality of circumstances in this case. There is no showing that denial of further continuance by the juvenile court deprived defendant of due process of law or of effective assistance of counsel. Finding no error, plain or otherwise, Point II is denied.

### No. 20192

Point III is directed to the denial of defendant's Rule 29.15 motion without an evidentiary hearing. Defendant claims his trial attorney did not provide effective representation because the attorney used a peremptory challenge to remove a prospective juror who should have been challenged and removed for cause.

The motion court, in denying defendant's Rule 29.15 motion without evidentiary hearing, relied on *State v. Holmes*, 830 S.W.2d 460 (Mo.App.1992). The motion court held that defendant's motion did not allege "that there was some other venireperson on the panel he would have used the preemptory [sic] strike on had he not used it on the venireperson he should have struck for cause."

■ To prove ineffective assistance of counsel, movant must show that his trial counsel failed to use the degree of skill, care and diligence in representing him that a reasonably competent attorney would use and, as a result, that he was prejudiced. *State v. Simpson*, 908 S.W.2d 839, 844 (Mo.App.1995). In order to show prejudice, he must show, but for the attorney's conduct, the trial results would have been different. *Id.*

■ *Holmes, supra*, discloses what must be alleged in order to be entitled to an evidentiary hearing when a claim is made that a trial attorney improperly used a peremptory strike to remove a prospective juror who could have been successfully challenged for cause. A Rule 29.15 motion must identify another prospective juror who would have been peremptorily struck. Absent that alle-

gation a Rule 29.15 motion fails to allege prejudice. 830 S.W.2d at 464. *See also State v. Jones,* 916 S.W.2d 460, 461–62 (Mo. App.1996).

Defendant's motion does not identify another juror who would have been removed had the peremptory strike, the use of which he now criticizes, been available. Even if his trial attorney was derelict in not challenging the prospective juror for cause, which this court need not address, defendant has not alleged facts that, if proven, would show prejudice. The motion court's findings were not clearly erroneous. Point III is denied.

*Dispositions*

The judgment of conviction in No. 19649 is affirmed. The order denying defendant's Rule 29.15 motion in No. 20192 is affirmed.

SHRUM, C.J., and PREWITT, P.J., concur.