STATE of Missouri, Respondent,

v.

Stephen PHILLIPS, Appellant.

No. WD 52397.

Missouri Court of Appeals,
Western District.

Feb. 4, 1997.

Irene Karns, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, David R. Truman, Assistant Attorney General, Jefferson City, for respondent.

Before ULRICH, C.J., P.J., and HANNA and SPINDEN, JJ.

ULRICH, Chief Judge, Presiding Judge.

Stephen Phillips appeals his convictions of first degree burglary, section 569.160, RSMo 1994, and assault in the first degree, section 565.050, RSMo 1994. He asserts that the trial court erred in permitting the state to cross-examine him about whether he used or possessed methamphetamine when the alleged offenses occurred. He also claims the trial court erred when it permitted a witness to testify about a threat he made to the witness after the alleged offenses occurred. This point was not preserved, however, and is reviewed for plain error. The judgment of the trial court is affirmed.

## STATEMENT OF FACTS

Mr. Phillips, Ann Jones, and her 12-year-old son lived together in various locations.[1] Ms. Jones and her son moved away from Mr. Phillips after he threw a television to the floor during an argument.

Ms. Jones began working at a local bakery. Mr. Phillips appeared at the bakery several times. Once Mr. Phillips brought to the bakery several items and cash that he had stolen from Ms. Jones' trailer home. Ms. Jones obtained a full protective order in August 1994.

Ms. Jones heard knocking on her front door during a night in September 1994. The knocks occurred in twenty minute intervals. Each time Ms. Jones was unsuccessful in her attempts to see the person knocking. At 2:00 a.m., a male friend arrived at Ms. Jones' home. She requested that he stay because she was apprehensive and afraid. The knocking continued throughout the night. At 8:30 a.m., Ms. Jones saw Mr. Phillips in the yard. She told him to leave the premises. A few minutes later, Mr. Phillips entered Ms. Jones' home without warning. A fight

between Mr. Phillips and Ms. Jones' friend followed. The friend was stabbed in his head, and an artery was severed. Police subsequently arrested Mr. Phillips.

At trial, Mr. Phillips testified that he produced the knife to scare his opponent and in self defense. He claimed the stabbing occurred accidently.

## SCOPE OF REVIEW

██ The trial court has broad discretion in determining the relevancy of evidence. *State v. Parkhurst*, 845 S.W.2d 31, 36 (Mo. banc 1992). The trial court's ruling will not be disturbed on the relevancy of evidence absent a clear showing of abuse of discretion. *Id.* When a defendant testifies, he is subject to cross-examination and impeachment like any other witness. *State v. Watts*, 919 S.W.2d 287, 292 (Mo.App.1996).

## POINTS ON APPEAL

1. The Trial Court Did Not Err in Permitting the State to Cross–Examine the Defendant About His Use and Possession of Methamphetamine.

██ Mr. Phillips claims, as point one, that the trial court erred in permitting the state to cross-examine him about whether he was using methamphetamine when he committed the acts constituting the alleged offenses. The accuracy of Mr. Phillips' recollection of events was directly at issue in the trial. Whether Mr. Phillips' state of mind was one of reasonable fear of harm during the fight was a central question before the jury. As such, his testimony was subject to impeachment:

A witness' abnormality is a standard ground for impeachment and one form of abnormality is that which exists when one is under the influence of drugs or drink. If a witness is "under the influence" at the time of the occurrence or at the time he testifies, this condition is provable, on cross or by extrinsic evidence, to impeach. McCormick, Law of Evidence § 45 (2d Ed.1972).

*State v. Selvy*, 921 S.W.2d 114, 116 (Mo.App.1996)(citing *State v. Myers*, 538

1. The name of the female co-habitant has been changed in this opinion to protect her and her son.

S.W.2d 892, 897–98 (Mo.App.1976)). Whether Mr. Phillips was experiencing the influence of alcohol or drugs was relevant in evaluating whether his perceptions were accurate or reasonable. The trial court permitted the state, over defense counsel's objection, to ask Mr. Phillips whether he had consumed alcohol or drugs that evening. When asked if he had consumed methamphetamine, he asserted he had not. Mr. Phillips' "nonconsumption" answer was subject to contradiction by the fact the arresting police officers found a white substance in his trouser pockets. The trial court correctly allowed the state to briefly pursue that issue.

 Moreover, Mr. Phillips interjected the issue of drug use by Ms. Jones, and by doing so, impugned her motives, perceptions, and credibility as a witness.[2] Under the doctrine of curative admissibility, "where the defendant has injected an issue into the case, the state may be allowed to admit otherwise inadmissible evidence in order to explain or counteract a negative inference raised by the issue defendant injects." *State v. Weaver*, 912 S.W.2d 499, 510 (Mo. banc 1995), *cert. denied*, —— U.S. ——, 117 S.Ct. 153, 136 L.Ed.2d 98 (1996)(citing *State v. Lingar*, 726 S.W.2d 728, 734–35 (Mo. banc 1987), *cert. denied*, 484 U.S. 872, 108 S.Ct. 206, 98 L.Ed.2d 157 (1987)).[3] Point one is denied.

**2. The Trial Court Did Not Err When It Permitted a Witness to Testify that Defendant Threatened Him**

Mr. Phillips' second point concerns the admission into evidence of an alleged threat he made to his roommate by telephone while Mr. Phillips was in jail after the alleged crimes occurred. Mr. Phillips objected to the testimony of his roommate at trial that Mr. Phillips had told the witness he need not be afraid "unless you're screwing my girlfriend," referring to Ms. Jones. Mr. Phillips claims the remark was an inadmissible reference to uncharged misconduct and tended to show a propensity to commit crime.

 Mr. Phillips' objection at trial was general and asserted that the statement was not relevant. He did not assert that the statement was inadmissible because it was evidence of other uncharged crimes committed by Mr. Phillips. Mr. Phillips did not preserve the issue on appeal. To preserve a claim of error in the taking of evidence, an accused must object with sufficient specificity to apprise the trial court of the grounds for the objection. *State v. Walker*, 903 S.W.2d 636, 639 (Mo.App.1995). The grounds asserted on appeal are limited to those stated at trial. *State v. Johnson*, 483 S.W.2d 65, 67–68[5] (Mo.1972). A litigant is not permitted to broaden the objection he presented to the trial court; he cannot rely on a theory different from the one offered at trial. *State v. Herrick*, 814 S.W.2d 660, 663 (Mo.App.1991). Because Mr. Phillips failed to raise this issue, discretion rests with the reviewing court to review the contention as "plain error" under Rule 30.20. *State v. Robinson*, 864 S.W.2d 347, 350 (Mo.App.1993). The plain error rule should be used sparingly and does not justify a review of every trial error that has not

---

**2.** For example, the following exchange took place between Ms. Jones and defense counsel on cross-examination:

Q: [Defense] Now, you've testified that when you decided to leave [Arkansas and move to Warrensburg] it was because you weren't happy with your life; is that correct?
A: Yes.
Q: And you said that because you were drinking?
A: Uh-huh.
Q: And it was also because you were smoking a lot of Pot?
A: Well, I was smoking some Pot, but yes, it was.
Q: You said that you used marijuana. You've also used methamphetamine.—[STATE]: Objection, your Honor.
THE COURT: Sustained.

Q: When you saw Steven on the Saturday before the 18th, did you ask him to buy you some drugs?
[STATE]: I'm going to object again, your Honor.
THE COURT: That's overruled.
A: No, I did not.
Q: You did not ask him to buy you some drugs?
A: No, I did not.

**3.** Under this doctrine, the defendant must first have introduced evidence, though it might be technically inadmissible evidence. *State v. Shurn*, 866 S.W.2d 447, 458 (Mo. banc 1993), *cert. denied* —— U.S. ——, 115 S.Ct. 118, 130 L.Ed.2d 64 (1994).

been properly preserved for appellate review. *State v. McMillin,* 783 S.W.2d 82, 98 (Mo. banc 1990), *cert. denied,* 498 U.S. 881, 111 S.Ct. 225, 112 L.Ed.2d 179 (1990). Plain error review imposes a greater burden on appellant than exists when appellant preserved the issue. *State v. Bradshaw,* 845 S.W.2d 143, 144 (Mo.App.1993). Appellant must demonstrate that the error asserted so substantially affected the rights of the accused that manifest injustice or miscarriage of justice inexorably results if left uncorrected. *State v. Hadley,* 815 S.W.2d 422, 423 (Mo. banc 1991).

 Evidence of uncharged crimes, wrongs, or acts is generally inadmissible for the purpose of showing the propensity of the defendant to commit such crimes. *State v. Reese,* 364 Mo. 1221, 274 S.W.2d 304, 307 (1954). However, evidence of misconduct of the defendant is admissible if it has some legitimate tendency to establish directly the accused's guilt of the charges for which he is on trial, *State v. Sladek,* 835 S.W.2d 308, 311 (Mo. banc 1992), and if its probative value outweighs its prejudicial effect. *State v. Mallett,* 732 S.W.2d 527, 534 (Mo. banc 1987), *cert. denied,* 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987). Generally, evidence of other, uncharged misconduct is admissible when it tends to establish motive, intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, or the identity of the person charged with the commission of the crime on trial. *State v. Bernard,* 849 S.W.2d 10, 13 (Mo. banc 1993).

 Mr. Phillips' "jailhouse" threat made after the alleged crimes does not show that Mr. Phillips committed another crime or a "bad act." The statement was relevant because it tended to show Mr. Phillips' motive for the crimes for which he was charged. The state is entitled to wide latitude in developing evidence of motive. *State v. Blackman,* 875 S.W.2d 122, 139 (Mo.App.1994). Additionally, the statement was relevant to show Mr. Phillips' intent to harm the victim.

*State v. Adams,* 750 S.W.2d 488 (Mo.App. 1988). Evidence of Mr. Phillips' conduct at the trailer home, taken together with his threat to "other" suitors, show a continuing state of mind from which a jury could properly infer that he acted with the requisite intent and further did not act out of self defense. In considering whether Mr. Phillips possessed the requisite state of mind to commit first degree assault or whether he acted in self-defense, the jury should not be foreclosed from considering post-incident threats bearing directly on the defendant's intent and motivation to harm other rival suitors. Mr. Phillips' threat was therefore relevant.[4]

No error resulted from the introduction of the statement that substantially affected Mr. Phillips' rights inexorably resulting in a miscarriage of justice. *State v. Hadley,* 815 S.W.2d 422, 423 (Mo. banc 1991). Point II is denied.

The judgment of the trial court is affirmed.

All concur.

---

**4.** A review of the jury instructions indicates that apparently defense counsel did not ask for a limiting instruction regarding the threat.