**STATE of Missouri, Plaintiff–Respondent,**

v.

**Keith S. LEBBING, Defendant–Appellant.**

**No. 24782.**

Missouri Court of Appeals, Southern District, Division One.

Sept. 19, 2003.

Irene Karns, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Karen L. Kramer, Assistant Attorney General, Jefferson City, for respondent.

PHILLIP R. GARRISON, Judge.

Keith S. Lebbing ("Defendant"), was convicted by a jury of one count of statutory sodomy in the first degree, a violation of Section 566.062,[1] and one count of statutory rape in the first degree, a violation of Section 566.032. The trial court entered judgment in accordance with the jury's

---

1. References to statutes are to RSMo (2000) unless otherwise indicated.

verdict and sentenced Defendant to fifty years imprisonment on each count, with the sentences to run consecutively.

Defendant raises two points on appeal. First, he seeks plain error relief for the admission of hearsay statements by the victim. Secondly, he contends that the trial court erred by not granting a mistrial when Defendant's wife mentioned during cross-examination that Defendant had been in jail. We affirm the judgment.

Defendant does not contest the sufficiency of the evidence to support the verdict. Viewed in the light most favorable to the verdict, the evidence revealed the following: Defendant met Tressie Shipman ("Shipman") in April 1998, and they were married about a month later. At that time Defendant, Shipman, and her eleven-year-old daughter, N.S., were living in Kansas City, Missouri. Shortly after the wedding, Defendant made "hickeys" on the neck of N.S., and would occasionally bathe with her. N.S. also testified about several other sexual incidents that occurred while they lived in Kansas City.

Sometime later, Defendant's relationship with Shipman became strained, and he moved to Rolla, Missouri to live with another woman, leaving Shipman and N.S. in Kansas City. Defendant eventually moved Shipman and N.S. to Rolla in April 2000, after which Defendant's sexual relationship with N.S. escalated. Defendant would sneak into N.S.'s bedroom at night to have sexual relations with her, and began inventing ways to be alone with her. One such incident occurred when he lied about a death in the family in order to remove N.S. from school and molest her during the day.

Shipman knew that N.S. had engaged in oral sex with Defendant and that they had bathed together, but she was not aware that sexual intercourse was taking place between them. Shipman did not at that time believe that oral sex constituted molestation, and therefore did not contact the authorities. N.S. kept silent about having sexual intercourse with Defendant because he threatened that if she ever told anybody he would kill both N.S. and Shipman. N.S. believed Defendant because she had previously witnessed him choke Shipman during an argument.

In May 2000, Defendant told N.S. that he was leaving Shipman and would not be coming back. After Defendant left, N.S. confided to Shipman, that he had been sexually abusing her. Shipman called the Missouri Division of Family Services ("DFS") the following day. Detectives promptly interviewed N.S. regarding her relationship with Defendant, and on June 6, 2000, Dr. Lisa Riojas performed a Sexual Abuse Forensic Exam ("SAFE")[2] on N.S. at the request of DFS. Dr. Riojas concluded that N.S. had been subjected to recurrent sexual trauma. Defendant was charged with statutory sodomy in the first degree and statutory rape in the first degree. This appeal followed Appellant's conviction and sentencing.

■ In his first point relied on, Defendant alleges that the trial court committed plain error by allowing Dr. Riojas to testify that N.S. identified the Defendant as her molester. Defendant claims Dr. Riojas' testimony was hearsay and that it fell outside the exception provided for medical diagnosis. The admission of this testimony, according to Defendant, constituted a miscarriage of justice.

**2.** SAFE exams are typically requested by the DFS to determine if a child has been sexually abused.

■ When Dr. Riojas asked N.S. about her medical history as part of the SAFE exam, N.S. told her that Defendant had molested her. A physician performing a SAFE exam does not need to know or ask "who" molested the person in order to complete a diagnosis. *State v. Miller,* 924 S.W.2d 513, 515 (Mo.App. W.D.1996). Therefore, the identity of the molester was not relevant to a determination of whether N.S. had actually been abused. *See id.*

■ Evidentiary rulings by a trial court are typically reviewed to determine whether the trial court abused its discretion. *State v. Bryan,* 60 S.W.3d 713, 718 (Mo.App. S.D.2001). However, because Defendant did not object to Dr. Riojas' testimony at trial, or in his subsequent motion for a new trial, the issue is not preserved for review. Rule 29.11.[3] However, Rule 30.20 provides an exception to this rule, providing for plain error review in criminal cases where the result would be a "manifest injustice or miscarriage of justice." *State v. Phillips,* 939 S.W.2d 502, 506 (Mo.App. W.D.1997). Plain error review should be used sparingly by the reviewing court, and does not justify a review of every trial error not properly preserved. *Id.* at 505–06. Because plain error review is discretionary, Defendant faces a greater burden than merely demonstrating prejudice. *State v. Deckard,* 18 S.W.3d 495, 497 (Mo.App. S.D.2000). Defendant must demonstrate that the error so substantially affected his rights that a manifest injustice or a miscarriage of justice will result if the error is left uncorrected. *Id.*

■ First, we note that where there is no objection, hearsay evidence may be considered by the fact finder in determining the facts. *State v. Crawford,* 68 S.W.3d 406, 408 (Mo. banc 2002). Second, N.S. testified at trial, subject to cross-examination, that Appellant had molested her. "Prejudice will not be found from the admission of hearsay testimony where the declarant was also a witness at trial, testified on the same matter, and was subject to cross-examination." *State v. Mayabb,* 43 S.W.3d 429, 435 (Mo.App. S.D.2001). "[T]o the extent that a declarant 'is available for live testimony, under oath, the dangers of hearsay are largely non-existent.'" *State v. Link,* 25 S.W.3d 136, 145 (Mo. banc 2000) (quoting *State. v. Schaal,* 806 S.W.2d 659, 664 (Mo. banc 1991)), *cert. denied,* 502 U.S. 1075, 112 S.Ct. 976, 117 L.Ed.2d 140 (1992).

Third, the Defendant does not contest the sufficiency of the evidence, which was strong even without Dr. Riojas' statement. Shipman testified that she witnessed Defendant giving "hickeys" to and taking baths with N.S. Shipman also testified that she witnessed N.S. performing oral sex on the Defendant. Shipman further testified that she knew Defendant often went into N.S.'s bedroom late at night to sleep with N.S., which made Shipman feel that Defendant was being unfaithful to his marital vows. A hotel employee identified Defendant as the man who rented a room one afternoon with a young girl, and then purchased two X-rated videos to watch in the room. Detective Andy Davis of the Rolla Police Department testified that N.S. was able to show him both the hotel and the location of a house where Defendant had molested her. Dr. Riojas also testified that her diagnosis of N.S. indicated she had experienced recurrent sexual trauma during the three years prior to her exam.

3. All references to rules are to Missouri Rules of Criminal Procedure (2002) unless otherwise indicated.

Dr. Riojas' testimony that N.S. identified Defendant as her molester was cumulative of other testimony and evidence against the Defendant. While the hearsay testimony possibly bolstered the State's case, it did not result in manifest injustice to Defendant or a miscarriage of justice. Defendant's first point is denied.

In his second point, Defendant alleges that the trial court erred in denying his motion for a mistrial when Shipman admitted on cross-examination that she had visited him in jail. The standard of review when determining if a trial court inappropriately denied a motion for a mistrial is abuse of discretion. *State v. Love*, 88 S.W.3d 511, 519 (Mo.App. S.D.2002) (quoting *State v. Mahoney*, 70 S.W.3d 601, 606 (Mo.App. S.D.2002)). "A trial court abuses its discretion if a ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicates a lack of careful consideration." *State v. Weekley*, 92 S.W.3d 327, 333 (Mo.App. S.D.2002).

The trial court granted Defendant's pretrial motion seeking to prevent the State from making reference to the fact that Defendant had been in jail. Defendant called Shipman as a witness to read to the jury a letter she had written him. Shipman had written that the only reason she reported Defendant's behavior to DFS was for revenge. On cross-examination of Shipman by the State, the following exchange occurred:

Q: Tressie, you wrote this letter?

A: Yes.

Q: And you wrote it after you saw the defendant in jail?

A: Yes.

Defendant's counsel requested a side bar with the court, objected to the jail reference, and requested a mistrial, but sought no other form of relief. The court denied the request for a mistrial, and allowed the State to continue its cross-examination. Shipman then testified that Defendant instructed her to write the letter.

Defendant first brought up the subject of the letter and "opened the door" for the State to cross-examine Shipman about why she wrote it. *See State v. Bolds*, 11 S.W.3d 633, 639 (Mo.App. E.D.1999). The State argues that the purpose of the question that referred to Defendant having been in jail was to show the jury that Shipman was "feeling sorry" for Defendant, and was willing to do what he told her to do. The State contends the purpose of the question was not to prove Defendant was in jail, but to show why Shipman wrote the letter.

Defendant's counsel did not request that the testimony be stricken and the jury instructed to disregard it, but only requested a mistrial, which is a drastic measure. *State v. Crawford*, 619 S.W.2d 735, 740 (Mo. banc 1981). Where the only relief requested is a mistrial, the trial court abuses its discretion in denying it only when the statement is so prejudicial that its effect could not have been removed by direction to the jury. *State v. Webber*, 982 S.W.2d 317, 323 (Mo.App. S.D.1998) (quoting *State v. Smith*, 934 S.W.2d 318, 321 (Mo.App. W.D.1996)).

The State made no references, prior to Shipman's cross-examination, to Defendant being in jail and made no further references during the trial. Additionally, the trial court could have removed any prejudicial effect created by the testimony by instructing the jury, had such a request been made. Therefore the trial court did not abuse its discretion in denying the request for a mistrial. Defendant's second point is denied.

The judgment of the trial court is affirmed.

BARNEY, P.J., and PREWITT, J., concur.